■ In the Matter of ALVARO SOLIS, Appellant, v ODILIS MAR-MOLEJOS, Respondent. [855 NYS2d 584]—

In a child support proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Westchester County (Horowitz, J.), entered July 9, 2007, which, after a hearing, denied his objections to an order of the same court (Jordan, S.M.), dated May 7, 2007, denying his petition for a downward modification of his child support obligation.

Ordered that the order is affirmed, without costs or disbursements.

"A parent's child support obligation is not necessarily determined by his or her current financial condition, but rather by his or her ability to provide support" (*Matter of Davis v Davis,* 13 AD3d 623, 624 [2004]; *see* Family Ct Act § 413 [1] [a]; *Matter of Brunetti v Brunetti,* 22 AD3d 577, 577-578 [2005]; *Beard v Beard,* 300 AD2d 268, 269 [2002]; *Matter of Fleischmann v Fleischmann,* 195 AD2d 604 [1993]). The court is not bound by a party's actual reported income in applying the basic child support obligation, and instead could use that party's actual earning capacity or impute an amount onto the gross income reported by the party (*see e.g. Matter of Andre v Brumaire,* 299 AD2d 355, 356 [2002]; *Matter of Graves v Smith,* 284 AD2d 332, 333 [2001]; *Matter of Sweedan v Baglio,* 269 AD2d 724, 725-726 [2000]; *Matter of Scomello v Scomello,* 260 AD2d 483, 484 [1999]). Here, during the prior support proceeding, the Family Court properly imputed income to the father based upon his failure to provide any credible proof regarding his income and the facts regarding his employment as a manager at a bar and restaurant, including that his employer paid for his car expenses.

Having previously and fully litigated the subject of his employment in the prior support proceeding and having failed to timely seek review of the resulting adverse order of support, the father now improperly seeks to relitigate that issue in this separate proceeding for a downward modification of his child support obligation (*see* Family Ct Act § 439 [e]; *see e.g. Matter of Phelps v La Point,* 284 AD2d 605, 610 [2001]). Accordingly, the Family Court properly denied the father's petition on the ground that he failed to establish a substantial change in circumstances (*see* Domestic Relations Law § 236 [B] [9] [b]; *Matter of Marcus v Marcus,* 45 AD3d 689, 690 [2007]; *Matter of Talty v Talty,* 42 AD3d 546, 547 [2007]). Rivera, J.P., Skelos, Santucci and Leventhal, JJ., concur.