■ In the Matter of Srinivas Bonthu, Respondent, v Bharathi Bonthu, Appellant. [889 NYS2d 97]—

In a child custody proceeding pursuant to Family Court Act article 6, the mother appeals, as limited by her brief, from so much of an order of the Family Court, Dutchess County (Amodeo, J.), dated August 27, 2008, as, after a hearing, granted the father's petition to modify a prior custody agreement so as to award him sole legal and physical custody of the subject child, directed that her visitation with the child be supervised, the scheduling of which was, in effect, delegated to a mutually agreed upon supervisor, and conditioned future unsupervised visitation on her successfully completing therapy.

Ordered that the order is modified, on the law, by deleting the provisions thereof, (1) in effect, delegating the scheduling of supervised visitation to a mutually agreed upon supervisor, and (2) conditioning future unsupervised visitation on the mother successfully completing therapy and substituting therefor a provision directing the mother to attend therapy as a component of supervised visitation; as so modified, the order is affirmed

insofar as appealed from, without costs or disbursements, and the matter is remitted to the Family Court, Dutchess County, to set a schedule of supervised visitation.

To modify an existing custody arrangement, there must be a showing of a change of circumstances such that modification is required to protect the best interests of the child (*see Matter of Zeis v Slater,* 57 AD3d 793 [2008]; *Matter of Wirth v Wirth,* 56 AD3d 787, 788 [2008]). The best interests of the child are determined by a review of the totality of the circumstances (*see Eschbach v Eschbach,* 56 NY2d 167, 171 [1982]). "While priority should usually be given to the parent who was first awarded custody by the court or to the parent who obtained custody by voluntary agreement, it is nevertheless but one factor to be weighed by the court in deciding whether a change of custody is warranted" (*Matter of Lichtenfeld v Lichtenfeld,* 41 AD3d 849, 850 [2007]; *see Eschbach v Eschbach,* 56 NY2d at 171). "Since the Family Court's custody determination is largely dependent upon an assessment of the credibility of witnesses and upon the character, temperament, and sincerity of the parents, the Family Court's determination should not be disturbed unless it lacks a sound and substantial basis in the record" (*Matter of Zeis v Slater,* 57 AD3d at 793-794). Here, the Family Court's award of sole custody to the father, which was consistent with the opinion of the court-appointed psychologist and the position of the attorney for the child (*see Matter of Verret v Verret,* 37 AD3d 479 [2007]), has a sound and substantial basis in the record and will not be disturbed.

The court's determination that the mother's visitation with the child should be supervised is also supported by a sound and substantial basis in the record (*see Matter of Abranko v Vargas,* 26 AD3d 490, 491 [2006]).

However, the Family Court erred in failing to set a supervised visitation schedule, implicitly leaving it to the supervisor to determine (*see Matter of Juliane M.,* 23 AD3d 473 [2005]; *Matter of St. Pierre v Burrows,* 14 AD3d 889, 892 [2005]; *Matter of Rueckert v Reilly,* 282 AD2d 608, 609 [2001]). Accordingly, the matter must be remitted to the Family Court, Dutchess County, to set a schedule of supervised visitation in accordance with the best interests of the child (*see Matter of Millett v Millett,* 270 AD2d 520, 522 [2000]).

The Family Court also erred in conditioning any future unsupervised visitation on the mother successfully completing therapy (*see Jordan v Jordan,* 8 AD3d 444, 445 [2004]; *Matter of Gadomski v Gadomski,* 256 AD2d 675, 677 [1998]). Nevertheless, the mother is directed to attend therapy as a component of

supervised visitation (*see Matter of Sinnott-Turner v Kolba,* 60 AD3d 774, 776 [2009]).

The mother's remaining contention is without merit. Mastro, J.P., Fisher, Angiolillo and Leventhal, JJ., concur.