In the Matter of DAVID SCHICK, Respondent, v ROBIN SCHICK, Appellant. [900 NYS2d 337]—

In a visitation proceeding pursuant to Family Court Act article 6, the mother appeals, by permission, as limited by her brief, from so much of an order of the Family Court, Queens County (McGrady, Ct. Atty. Ref.), dated August 14, 2009, as, after a hearing, upon, in effect, granting the father's petition to enforce the visitation provisions of a judgment of divorce dated October 17, 2005, which incorporated, but did not merge, the parties' stipulation of settlement dated May 5, 2005, in effect, awarded the father temporary custody of the subject child, denied her visitation with the subject child for a stated period of time, and directed the subject child and the father to participate in joint therapeutic counseling. By decision and order on motion of this Court dated September 3, 2009, so much of the order dated August 14, 2009, as awarded the father temporary custody of the subject child, denied the mother visitation with the subject child for a stated period of time, and directed the subject child and the father to participate in joint therapeutic counseling was stayed, pending the hearing and determination of the appeal.

Ordered that the order dated August 14, 2009, is reversed insofar as appealed from, on the law, on the facts, and in the exercise of discretion, the petition is denied, and the proceeding is dismissed, without costs or disbursements.

The record supports a finding that the divorced parties' son is

alienated from the father, the noncustodial parent, with, among other factors, both the mother and father contributing to the deterioration of that relationship. Although the father has made serious and good faith attempts at reconciliation over the past several years, the son—who is now 17½ years of age, and is scheduled to graduate high school in June 2010, to attend a program in Israel commencing in August 2010, and thereafter to begin college—has strongly voiced, to both the Family Court and his appointed attorney, his objections to being forced to visit with his father. Despite repeated attempts by the Family Court over several years to ameliorate the alienation, and some therapeutic intervention, the son remains alienated.

While "[t]he Family Court has broad discretion in fashioning a remedy in matters of custody and visitation, with the paramount concern being the best interests of the child" (*Matter of Pignataro v Davis*, 8 AD3d 487, 488-489 [2004]; *see Matter of Plaza v Plaza*, 305 AD2d 607 [2003]), here, the best interests of the child do not require that the existing custody arrangement be modified (*see Matter of Charpentier v Rossman*, 264 AD2d 393 [1999]; *see generally Matter of Bonthu v Bonthu*, 67 AD3d 906 [2009]; *Matter of Frey v Ketcham*, 57 AD3d 543 [2008]). Under these circumstances, it was an improvident exercise of discretion, unsupported by a sound and substantial basis in the record, to change custody to the father at this time, force the son to interact with the father, sever his contact with his mother and siblings for a three-month period, and compel him to undergo intensive therapeutic counseling. In giving due consideration to the wishes, age, and maturity of the son, and upon a review of the proceedings before the Family Court, we conclude that the order of the Family Court must be reversed (*see Matter of Charpentier v Rossman*, 264 AD2d 393 [1999]; *see generally Matter of Bonthu v Bonthu*, 67 AD3d 906 [2009]; *Matter of Sinnott-Turner v Kolba*, 60 AD3d 774, 775 [2009]).

The parties' remaining contentions have either been rendered academic or are without merit. Fisher, J.P., Leventhal, Belen and Sgroi, JJ., concur.