In the Matter of JENNIFER CONWAY, Respondent, v RICHARD CONWAY, Appellant. [933 NYS2d 75]—

Contrary to the father's contention, the issue of legal custody was properly before the Family Court. In the mother's petition, by seeking "final say regarding any major decisions" involving the parties' children, she effectively sought sole legal custody (*see* 1-10 Child Custody and Visitation Law and Practice § 10.03 [3] [b] [i]; *see generally Braiman v Braiman*, 44 NY2d 584, 589 [1978]).

To modify an existing custody arrangement, there must be a showing of a change in circumstances such that modification is required to protect the best interests of the children (*see Matter of Sparacio v Fitzgerald*, 73 AD3d 790 [2010]). " 'Since the Family Court's custody determination is largely dependent upon an assessment of the credibility of the witnesses and upon the character, temperament, and sincerity of the parents, its determination should not be disturbed unless it lacks a sound and substantial basis in the record' " (*Matter of Tavarez v Musse*, 31 AD3d 458 [2006], quoting *Matter of Plaza v Plaza*, 305 AD2d 607, 607 [2003]).

"[J]oint custody is encouraged primarily as a voluntary alternative for relatively stable, amicable parents behaving in mature civilized fashion" (*Braiman v Braiman*, 44 NY2d at

589-590). "However, joint custody is inappropriate where the parties are antagonistic towards each other and have demonstrated an inability to cooperate on matters concerning the child[ren]" (*Matter of Edwards v Rothschild,* 60 AD3d 675, 677 [2009] [internal quotation marks omitted]).

Here, a sound and substantial basis exists in the record for the Family Court's determination that the relationship between the parties has become so antagonistic that they are unable to cooperate on decisions regarding the children, and that it is in the best interests of the children for the mother to have sole legal custody of them (*see Matter of Gorniok v Zeledon-Mussio,* 82 AD3d 767, 768 [2011]).

Further, a sound and substantial basis exists in the record for the Family Court's direction, as part of its order modifying the custody arrangement, that the father attend a certain anger management class, as it is in the children's best interests that he do so (*see Matter of Saggese v Steinmetz,* 83 AD3d 1144, 1145 [2011]; *Matter of Bonthu v Bonthu,* 67 AD3d 906, 907-908 [2009]).

The father's remaining contention is without merit. Florio, J.P., Dickerson, Chambers and Cohen, JJ., concur.