In the Matter of ANWAR F. YEARWOOD, Appellant, v TARA M. WILSON YEARWOOD, Respondent. [935 NYS2d 578]—

The parties herein are divorced. They are the parents of a child, born February 27, 2002. After the parties' initial separation, upon their consent, the Family Court issued an order, dated May 17, 2007, awarding the mother legal and residential custody of the child and awarding the father parenting time. After the father sought to modify this arrangement, the parties amended their stipulation so that they would have joint legal custody of the child, with the mother retaining residential custody, and the father's parenting time would be increased.

In early 2008 the father filed a petition seeking sole legal and residential custody of the child, in which he alleged that the mother's mental condition should preclude her from having custody of their child. The father's petition specified that the mother had recently been hospitalized in a psychiatric unit at a local hospital, that the mother had left the child in the care of the maternal grandparents during her hospitalization, and that

the maternal grandparents had, in turn, asked the father to take care of the child because the maternal grandparents were scheduled to take their annual vacation in another country. Pending a hearing on the father's petition, the Family Court awarded the father temporary sole legal and residential custody of the child, and awarded the mother temporary, professionally supervised visitation and, later, both unsupervised visitation and visitation supervised by the maternal grandparents. After a hearing on the father's petition, the Family Court denied the father's petition and awarded joint legal custody to both parents, with residential custody of the child to the mother. The father appeals.

When a modification of an existing custody arrangement is sought, the petitioner must show a change in circumstances such that modification is necessary to protect the best interests of the child (*see Eschbach v Eschbach*, 56 NY2d 167, 171 [1982]; *Matter of Conway v Conway*, 89 AD3d 936, 936 [2d Dept 2011]; *Matter of Sparacio v Fitzgerald*, 73 AD3d 790, 790 [2010]). "[T]he Family Court has broad discretion in fashioning a remedy in matters of custody and visitation, with the paramount concern being the best interests of the child" (*Matter of Schick v Schick*, 72 AD3d 1100, 1101 [2010], quoting *Matter of Pignataro v Davis*, 8 AD3d 487, 488-489 [2004]; *see also Eschbach v Eschbach*, 56 NY2d 167 [1982]). In determining the best interests of the child, the Family Court must review the totality of the circumstances (*see Eschbach v Eschbach*, 56 NY2d at 171; *Matter of Sparacio v Fitzgerald*, 73 AD3d at 791). Under the circumstances of this case, the Family Court's determination that the evidence did not demonstrate a sufficient change in circumstances is not supported by a sound and substantial basis in the record. Moreover, the award to the father of legal and residential custody is in the child's best interests.

Where the initial custody determination is made upon the Family Court's adoption of an agreement reached by the parties, custody may nonetheless be modified where it is shown that, viewing the totality of the circumstances, a change in custody is in the child's best interests (*see Eschbach v Eschbach*, 56 NY2d at 172; *see also Friederwitzer v Friederwitzer*, 55 NY2d 89, 96 [1982]). This is so because "[n]o agreement of the parties can bind the court to a disposition other than that which a weighing of all of the factors involved shows to be in the child's best interest" (*Friederwitzer v Friederwitzer*, 55 NY2d at 95; *see Matter of Grigoli v Grigoli*, 29 AD3d 792 [2006]).

The factors to be considered in making a determination with respect to the best interests of the child include "the quality of

the home environment and the parental guidance the custodial parent provides for the child, the ability of each parent to provide for the child's emotional and intellectual development, the financial status and ability of each parent to provide for the child, the relative fitness of the respective parents, and the effect an award of custody to one parent might have on the child's relationship with the other parent" (*Matter of Elliott v Felder*, 69 AD3d 623 [2010]; *see Eschbach v Eschbach*, 56 NY2d at 171-172). Here, the record reveals that both parties love the child and are capable of providing a home that is nurturing. Both parties recognize the importance of providing the child with an education where he will be intellectually supported and challenged. Both parties are financially stable.

Mental illness does not, in and of itself, render a parent unfit (*see e.g. Matter of Sloand v Sloand*, 30 AD3d 784, 785 [2006]). The record reflects that it took some time to partially stabilize the mother's mental health condition, which involved, among other things, the arrest of her auditory hallucinations, the ascertainment of the correct dosage of medication, and the provision of a sufficient education to the mother about the illness so that she could appreciate her illness in order to effectively participate in her treatment. However, the record did not reveal that the mother's condition had completely stabilized. We find that, while the mother is not unfit to have custody of the child, the father has been the more consistently fit parent.

We next weigh the parties' relationship and conclude that the nature of their relationship makes joint custody unworkable and no longer in the best interests of the child (*see Matter of Manfredo v Manfredo*, 53 AD3d 498, 500 [2008]; *Granata v Granata*, 289 AD2d 527, 528 [2001]; *cf. Matter of Grasso v Grasso*, 51 AD3d 920, 921 [2008]).

Accordingly, we reverse the order appealed from, grant the father's petition, award sole legal and residential custody of the child to the father, and remit the matter to the Family Court, Nassau County, for further proceedings consistent herewith, including an award of liberal, unsupervised visitation to the mother, as it is in the child's best interests (*see Matter of Wiebke v Wiebke*, 77 AD3d 964, 964 [2010]). Moreover, the father, as the custodial parent, must furnish the mother with all information pertaining to the child's health, education, welfare, and extracurricular activities and provide all relevant schools, doctors, and activity coordinators with a release authorizing provision to the mother of all information concerning the child. Rivera, J.P., Austin, Roman and Cohen, JJ., concur.