■ In the Matter of STEVEN L. SOLOVAY, Appellant, v SANDRA SOLOVAY, Respondent. (Proceeding No. 1.) In the Matter of SANDRA SOLOVAY, Respondent, v STEVEN L. SOLOVAY, Appellant. (Proceeding No. 2.) [941 NYS2d 712]—

In related child custody and visitation proceedings pursuant to Family Court Act article 6, the father appeals from (1) an order of the Family Court, Suffolk County (Orlando, R.), dated February 7, 2011, made after a hearing, and (2) an amended order of the same court dated March 22, 2011, which, inter alia, granted the mother's cross petition to modify the custody and visitation provisions set forth in a stipulation of settlement dated March 12, 2008, which was incorporated but not merged into the parties' judgment of divorce dated January 22, 2009, so as to award her sole custody of the subject child with certain visitation to the father.

Ordered that the appeal from the order dated February 7, 2011, is dismissed, as it was superseded by the amended order dated March 22, 2011; and it is further,

Ordered that the amended order dated March 22, 2011, is modified, on the facts and in the exercise of discretion, by deleting the provision thereof directing that the father have visitation with the subject child every other weekend from Friday at 6:00 P.M. to Sunday at 5:00 P.M. and on the alternate Tuesday between 6:00 P.M. and 8:00 P.M., and substituting therefor a provision directing that the father have visitation every other

weekend from Friday at 3:00 P.M. to Sunday at 5:00 P.M. and on the alternate Tuesday from 3:00 P.M. to Wednesday at 6:00 P.M.; as so modified, the amended order is affirmed, without costs or disbursements.

"Modification of an existing custody arrangement is permissible only upon a showing that there has been a change in circumstances such that modification is necessary to ensure the best interests of the child. The court must consider the totality of the circumstances. In this regard, the court should consider whether the alleged changed circumstances indicate one of the parties is unfit, the nature and quality of the relationships between the child and the parties, and the existence of a prior agreement. Since custody determinations turn in large part on assessments of the credibility, character, temperament and sincerity of the parties, the Family Court's determination should not be disturbed unless it lacks a sound and substantial basis in the record" (*Matter of Chery v Richardson*, 88 AD3d 788 [2011] [citations and internal quotation marks omitted]; *see Eschbach v Eschbach*, 56 NY2d 167 [1982]).

Although "priority . . . is accorded the first award" (*Friederwitzer v Friederwitzer*, 55 NY2d 89, 94 [1982]), it is nevertheless "but one factor to be weighed by the court in deciding whether a change of custody [or visitation rights] is warranted" (*Eschbach v Eschbach*, 56 NY2d at 171; *see Friederwitzer v Friederwitzer*, 55 NY2d at 93-94). Further, where, as here, the initial custody award is the result of a stipulation, it is entitled to less weight than a disposition after a plenary trial (*see Friederwitzer v Friederwitzer*, 55 NY2d at 94-95; *Matter of Martinez v Hyatt*, 86 AD3d 571 [2011]).

"[J]oint custody is encouraged primarily as a voluntary alternative for relatively stable, amicable parents behaving in mature civilized fashion" (*Braiman v Braiman*, 44 NY2d 584, 589-590 [1978]). "However, joint custody is inappropriate where the parties are antagonistic towards each other and have demonstrated an inability to cooperate on matters concerning the child" (*Matter of Edwards v Rothschild*, 60 AD3d 675, 677 [2009] [internal quotation marks omitted]; *see Matter of Conway v Conway*, 89 AD3d 936, 937 [1982]; *Matter of Gorniok v Zeledon-Mussio*, 82 AD3d 767, 768 [2011]).

Here, a sound and substantial basis exists in the record for the Family Court's determination that the relationship between the parties has become so antagonistic that they are unable to cooperate on decisions regarding the subject child, and that it is in the best interests of the child for the mother to have sole custody (*see Matter of Conway v Conway*, 89 AD3d 936 [2011]; *Matter of Nell v Nell*, 87 AD3d 541 [2011]).

However, the Family Court improvidently exercised its discretion in determining the amount of visitation for the father, which did not include an award of weekday overnight visitation (*see Matter of Nell v Nell*, 87 AD3d at 542). On this record, the best interests of the child would be served by awarding the father visitation with the child every other weekend from Friday at 3:00 P.M. to Sunday at 5:00 P.M. and on the alternate Tuesday from 3:00 P.M. to Wednesday at 6:00 P.M.

There is no merit to the contention of the attorney for the child that the Family Court erred in not ordering a forensic evaluation prior to reaching its determination. The record does not indicate that such an evaluation was necessary to enable the Family Court to reach its determination (*see Matter of Jennings v Small*, 59 AD3d 546 [2009]; *Matter of Hernandez v Rodriguez*, 42 AD3d 498 [2007]; *Matter of Akyuz v Akyuz*, 30 AD3d 511 [2006]). Contrary to the contention of the attorney for the child, there is no evidence that the referee was biased against the father or deprived him of a fair hearing (*see Matter of Zeman v Knibbs*, 86 AD3d 578 [2011]; *Matter of Taja K.*, 51 AD3d 1027 [2008]). Dillon, J.P., Lott, Roman and Cohen, JJ., concur.