■ In the Matter of LARRY LAW, SR., Respondent, v SHALAINE GRAY, Appellant. (Proceeding Nos. 1 and 2.) In the Matter of SHALAINE GRAY, Appellant, v LARRY LAW, SR., Respondent. (Proceeding No. 3.) [983 NYS2d 582]—

In related child custody proceedings pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Queens County (Seiden, Ct. Atty. Ref.), dated December 10, 2012, which, without a hearing, and upon the granting of the father's application to dismiss her petition for sole custody of the child Lawrence, Jr., in effect, granted the father's petition for sole custody of that child and, in effect, granted the father's separate petition to modify an order of the same court (Richardson-Mendelson, J.), dated January 13, 2009, entered upon the consent of the parties, inter alia, awarding joint legal custody of the child Larry, Jr., to the parties, so as to award the father sole custody of that child.

Ordered that the order is affirmed, without costs or disbursements.

An award of custody must be based upon the best interests of the child, and neither parent has a prima facie right to custody of the child (*see* Domestic Relations Law § 70 [a]; *Matter of Peek v Peek*, 79 AD3d 753, 753-754 [2010]). " 'Generally, the determination of a custody issue can only be resolved after a full and comprehensive hearing, and a careful analysis of the applicable factors to be considered in determining what custody arrangement will further the child's best interests' " (*Matter of Zaratzian v Abadir*, 105 AD3d 1054, 1054 [2013], quoting *Matter of Nalty v Kong*, 59 AD3d 723, 724 [2009]). "However, 'a hearing will not be necessary where the court possesses adequate relevant information to enable it to make an informed and provident determination as to the child's best interest' " (*Matter of Zaratzian v Abadir*, 105 AD3d at 1054, quoting *Matter of Hom v Zullo*, 6 AD3d 536, 536 [2004]).

Contrary to the mother's contention, under the circumstances presented here, the Family Court providently exercised its discretion by, in effect, granting the father's petition for sole custody of the child Lawrence, Jr., and by, in effect, granting the father's separate petition to modify a prior custody order so as to award him sole custody of the child Larry, Jr. The Family Court possessed adequate relevant information to enable it, without a hearing, to make an informed and provident determination that it was in the best interests of the subject children to award sole custody to the father (*see Assini v Assini*, 11 AD3d 417 [2004]; *Matter of Porter v Burgey*, 266 AD2d 552 [1999]).

The mother's remaining contentions are without merit. Eng, P.J., Dillon, Maltese and Duffy, JJ., concur.