(March 18, 2015)

■ YULIYA ANGELOVA, Respondent, v VLADISLAV RUCHINSKY, Appellant. [6 NYS3d 97]—

In an action for a divorce and ancillary relief, the defendant appeals (1) from a qualified medical child support order of the Supreme Court, Queens County (Greco, Jr., J.), entered April 1, 2014, which directed that the parties' child be enrolled in the group health insurance plan available through the defendant's employer, and (2), as limited by his brief, from so much of a judgment of the same court entered April 1, 2014, as, upon (a) a decision of the same court dated January 4, 2013, made after a nonjury trial, (b) a further decision of the same court dated March 21, 2013, and (c) the qualified medical child support order entered April 1, 2014, awarded sole legal and residential custody of the parties' child to the plaintiff and only awarded him certain visitation, directed the defendant to pay the sum of $1,135.61 per month in child support, and directed that the parties' child be enrolled in the group health insurance plan available through the defendant's employer.

Ordered that the appeal from the qualified medical child support order is dismissed; and it is further,

Ordered that the judgment is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The appeal from the qualified medical child support order must be dismissed, as no appeal lies as of right from an order which does not decide a motion made on notice (see CPLR 5701 [a] [2]), and we decline to grant leave to appeal in light of the entry of a final judgment in this matter (see generally Matter of Aho, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the qualified medical child support order have been reviewed on the appeal from the judgment (see CPLR 5501 [a] [1]).

An award of custody must be based upon the best interests of the child (see Matter of Archibald M. v Georgette S., 110 AD3d 811, 811 [2013]; Matter of McDonough v McDonough, 73 AD3d 1067, 1068 [2010]; Matter of Dwyer-Hayde v Forcier, 67 AD3d 1011 [2009]). In determining the best interests of the

child, the court must evaluate the totality of the circumstances (*see Eschbach v Eschbach*, 56 NY2d 167, 171-174 [1982]; *Matter of Anwar v Sani*, 78 AD3d 827, 827 [2010]). "The factors to be considered in making a determination with respect to the best interests of the child include 'the quality of the home environment and the parental guidance the custodial parent provides for the child, the ability of each parent to provide for the child's emotional and intellectual development, the financial status and ability of each parent to provide for the child, the relative fitness of the respective parents, and the effect an award of custody to one parent might have on the child's relationship with the other parent' " (*Matter of Yearwood v Yearwood*, 90 AD3d 771, 773-774 [2011], quoting *Matter of Elliott v Felder*, 69 AD3d 623, 623 [2010]; *see Eschbach v Eschbach*, 56 NY2d at 171-172). Along with these factors, the court must also " 'consider the stability and continuity afforded by maintaining the present arrangement' " (*Matter of McDonough v McDonough*, 73 AD3d at 1068, quoting *Matter of Lightbody v Lightbody*, 42 AD3d 537, 537-538 [2007]). "Since weighing the factors relevant to any custody determination requires an evaluation of the credibility and sincerity of the parties involved, the hearing court's findings are accorded deference, and will not be disturbed unless they lack a sound and substantial basis in the record" (*Matter of Jackson v Coleman*, 94 AD3d 762, 763 [2012]; *see Matter of Solovay v Solovay*, 94 AD3d 898, 899 [2012]; *Matter of Ross v Ross*, 86 AD3d 615, 616 [2011]).

" '[J]oint custody is encouraged primarily as a voluntary alternative for relatively stable, amicable parents behaving in mature civilized fashion' " (*Matter of Solovay v Solovay*, 94 AD3d at 899, quoting *Braiman v Braiman*, 44 NY2d 584, 589-590 [1978]). It is not appropriate, however, where the parties are antagonistic toward each other and have demonstrated an inability to cooperate on matters concerning the child (*see Matter of Solovay v Solovay*, 94 AD3d at 899; *Matter of Conway v Conway*, 89 AD3d 936, 936-937 [2011]; *Matter of Edwards v Rothschild*, 60 AD3d 675, 676-677 [2009]).

Here, a sound and substantial basis in the record exists for the Supreme Court's determination that the relationship between the parties has become so antagonistic that they are unable to cooperate on decisions regarding the subject child, and that it is in the best interests of the child for the plaintiff to have sole custody (*see Matter of Solovay v Solovay*, 94 AD3d at 899; *Matter of Conway v Conway*, 89 AD3d at 936-937).

Contrary to the defendant's contentions, the Supreme Court

properly denied his application, in effect, to modify his child support obligations for the years 2011 and 2012 such that the obligations reflected his salary as reported on his tax returns. As the Supreme Court noted, courts are not bound by a party's reported income in enforcing a child support obligation, and may consider, among other things, a party's ability to provide support or a party's demonstrated earning potential (*see Matter of Azrak v Azrak*, 60 AD3d 937, 938 [2009]; *Matter of Solis v Marmolejos*, 50 AD3d 691, 692 [2008]; *Bittner v Bittner*, 296 AD2d 516, 517 [2002]). Moreover, insofar as the defendant based his contention regarding a modification of his support obligation on a change in circumstances since a prior order, the Supreme Court properly rejected it. The defendant failed to establish that there was a substantial change in circumstances warranting modification (*see Matter of Mandelowitz v Bodden*, 68 AD3d 871, 874 [2009]; *Matter of Solis v Marmolejos*, 50 AD3d at 692; *Matter of Marrale v Marrale*, 44 AD3d 773, 775 [2007]).

The defendant's contention with respect to the Supreme Court's directive that the child be enrolled in the group health insurance plan available through the defendant's employer is not properly before this Court because it is based on events that occurred after the issuance of the judgment of divorce.

The defendant's remaining contentions are without merit. Balkin, J.P., Hall, Miller and Duffy, JJ., concur.