■ In the Matter of ALLAN GOLDFARB, Respondent, v KATALIN SZABO, Appellant. [13 NYS3d 247]—

Appeal from an order of the Family Court, Westchester County (Michelle I. Schauer, J.), dated March 17, 2014. The order awarded the father sole legal and physical custody of the child and limited the mother to therapeutic supervised visitation, the scheduling of which was, in effect, delegated to the parties and a mutually agreed-upon provider.

Ordered that the order is modified, on the law, by deleting the second decretal paragraph thereof, in effect, delegating the scheduling of therapeutic supervised visitation to the parties and a mutually agreed-upon provider; as so modified, the order is affirmed, without costs or disbursements, and the matter is remitted to the Family Court, Westchester County, to set a schedule of therapeutic supervised visitation.

An award of custody must be based upon the best interests of the child, and neither parent has a prima facie right to custody of the child (*see* Domestic Relations Law § 70 [a]; *Matter of Law v Gray*, 116 AD3d 699, 700 [2014]; *Matter of Peek v Peek*, 79 AD3d 753, 753-754 [2010]). "[A]s a general rule, it is error as a matter of law to make an order respecting custody based upon controverted allegations without the benefit of a full hearing" (*Matter of Khan v Dolly*, 6 AD3d 437, 439 [2004]; *see Matter of Labella v Murray*, 108 AD3d 547, 547-548 [2013]; *Matter of Swinson v Brewington*, 84 AD3d 1251, 1253 [2011]; *Matter of Perez v Estevez*, 82 AD3d 1106, 1106 [2011]; *Matter of Peek v Peek*, 79 AD3d at 754).

Here, although there was not a full hearing, contrary to the mother's contentions, considering the testimony elicited from, among others, the father, the mother, the maternal grandmother, a visitation supervisor, and the neutral forensic psychologist, as well as the reports received from various professionals and agencies, the Family Court possessed adequate relevant information to enable it, without additional testimony, to make an informed and provident determination as to the best interests of the subject child (*see Matter of Law v Gray*, 116 AD3d at 700; *Matter of Hom v Zullo*, 6 AD3d 536, 536 [2004]). Moreover, the court properly determined that the best interests of the child would be served by awarding the father sole legal and physical custody in light of the mother's numerous unfounded allegations of sexual abuse against the father and her erratic and inappropriate behavior during the pendency of the proceeding (*see Matter of Fargasch v Alves*, 116 AD3d 774, 775 [2014]; *Matter of McClurkin v Bailey*, 78 AD3d 707, 708 [2010]). The record also shows that the father is more likely than the mother to foster a relationship between the child and the noncustodial parent (*see Matter of Fargasch v Alves*, 116 AD3d at 775-776).

Considering the repeated unfounded allegations of sexual abuse by the mother against the father, and her continued attempts to undermine the father's ability to form and maintain a relationship with the child, the Family Court's determination that the mother's contact with the child should be limited to therapeutic supervised visitation is also supported by a sound and substantial basis in the record (*see Matter of Bonthu v Bonthu*, 67 AD3d 906, 907 [2009]; *Matter of Abranko v Vargas*, 26 AD3d 490, 491 [2006]). However, the Family Court erred in failing to set a schedule for therapeutic supervised visitation, implicitly leaving it for the parties and the provider to determine (*see Matter of Bonthu v Bonthu*, 67 AD3d at 907;

*Matter of Juliane M.*, 23 AD3d 473 [2005]; *Matter of Rueckert v Reilly*, 282 AD2d 608, 609 [2001]).

Accordingly, the matter must be remitted to the Family Court, Westchester County, to set a schedule of therapeutic supervised visitation in accordance with the best interests of the child (*see Matter of Bonthu v Bonthu*, 67 AD3d at 906). Dillon, J.P., Chambers, Austin and Sgroi, JJ., concur.