■ In the Matter of Lisa Scott, Respondent, v Karlton Davidson, Appellant. [25 NYS3d 901]—

Appeal from an order of the Family Court, Queens County (John M. Hunt, J.), dated April 22, 2014. The order, insofar as appealed from, after a hearing, and upon awarding the parties joint legal custody of the subject child, awarded physical custody to the mother.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

In 2009, the mother and the father each filed petitions seeking custody of the subject child. Following the completion of a hearing at which the mother and father both presented testimony and evidence, the Family Court awarded the parties joint legal custody of the child, with physical custody to the mother. The father appeals from so much of the order as awarded physical custody to the mother.

"The court's paramount concern in any custody dispute is to determine, under the totality of the circumstances, what is in the best interests of the child" (*Matter of Gooler v Gooler*, 107 AD3d 712, 712 [2013] [internal quotation marks omitted]; *see Eschbach v Eschbach*, 56 NY2d 167, 171 [1982]). Custody determinations turn in large part on assessments of the credibility, character, temperament, and sincerity of the parties, and such assessments by the Family Court should not be disturbed on appeal unless they lack a sound and substantial basis in the record (*see Matter of Picado v Doan*, 90 AD3d 932 [2011]; *Matter of Manfredo v Manfredo*, 53 AD3d 498, 499 [2008]).

Here, the Family Court's determination that the best interests of the child would be served by an award of physical custody to the mother was supported by a sound and substantial basis in the record, and we discern no basis for disturbing it (*see Eschbach v Eschbach*, 56 NY2d at 171; *Angelova v Ruchinsky*, 126 AD3d 828 [2015]; *Matter of Shannon J. v Aaron P.*, 111 AD3d 829, 830 [2013]; *Matter of Lopez v Lopez*, 233 AD2d 398 [1996]). Mastro, J.P., Hall, Miller and LaSalle, JJ., concur.