[51 NYS3d 622]

In the Matter of DIANE B. GROOM (Admitted as DIANE BARBARA GROOM), a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, April 26, 2017

132

## APPEARANCES OF COUNSEL

*Mitchell T. Borkowsky*, Hauppauge (*Robert H. Cabble* of counsel), for petitioner.

**OPINION OF THE COURT**

Per Curiam.

The Grievance Committee for the Tenth Judicial District served the respondent with a petition dated March 12, 2014. Following a prehearing conference on March 25, 2016, and a hearing held on May 3, 2016, the Special Referee sustained the charges. The Grievance Committee now moves to confirm the report of the Special Referee and to impose such discipline as the Court deems just and appropriate. Although served with a copy of the motion, the respondent has neither submitted papers in response, nor has she asked for additional time in which to do so.

## Procedural History of the Case

### 1. Voluntary Resignation

This matter commenced with the submission of an affidavit by the respondent to voluntarily resign from the bar. By affidavit dated June 6, 2013, the respondent advised the Court that she had previously been issued a letter of caution dated June 29, 2012, and that there were no pending complaints of professional misconduct against her in any jurisdiction. She wished to resign due to a mental disability. Since there were no outstanding complaints pending against the respondent, by decision and order of this Court dated November 7, 2013 (2013 NY Slip Op 90674[U]), the respondent's resignation was accepted and her name was removed from the roll of attorneys and counselors-at-law, without prejudice to an application for reinstatement.

### 2. Misdemeanor Conviction

Unbeknownst to the Court, on April 10, 2013, the respondent pleaded guilty, in County Court, Suffolk County, to tampering with public records in the second degree, in violation of Penal Law § 175.20, a class A misdemeanor. On June 19, 2013, she was sentenced to three years' probation, with drug, alcohol, and mental health conditions, and required to pay a DNA fee in the sum of $50. The respondent allocuted at her plea that, on February 14, 2012, she removed a file from the Legal Aid Society of Suffolk County, which was a public office, and subsequently destroyed the file by disposing of it in a dumpster.

The respondent did *not* notify this Court of her conviction, as required pursuant to Judiciary Law § 90 (4) (c).

### 3. Motion to Vacate

Upon learning of the respondent's conviction, the Grievance Committee moved to: (1) vacate the November 7, 2013 decision and order of this Court accepting the respondent's voluntary

resignation (2013 NY Slip Op 90674[U]); (2) immediately suspend the respondent based on her conviction of a serious crime; and (3) institute and prosecute a disciplinary proceeding against the respondent based on a petition dated March 12, 2014. The Grievance Committee claimed that the respondent had deceived the Court into accepting her voluntary resignation by failing to disclose her conviction. In opposition, the respondent moved for voluntary suspension, pursuant to former 22 NYCRR 691.13 (c), and requested an examination, prior to any hearing being conducted, alleging that she was unable to defend herself. The respondent vigorously disputed the contention that in submitting her voluntary resignation, she intentionally tried to deceive the Court. The respondent claimed that she simply was unaware of her obligation to disclose her conviction.

By decision and order on motion of this Court dated November 24, 2014 (2014 NY Slip Op 90810[U]), the decision and order dated November 7, 2013, was recalled and vacated; the respondent was immediately suspended from the practice of law, pursuant to Judiciary Law § 90 (4) (f), as a result of her conviction of a serious crime; the Grievance Committee was authorized to institute and prosecute a disciplinary proceeding against the respondent; the issues were referred to the Honorable Charles J. Thomas, as Special Referee, to hear and report; the Grievance Committee was directed to arrange for the examination of the respondent by a qualified medical expert to determine whether she was incapacitated pursuant to former 22 NYCRR 691.13 (c); and the disciplinary proceeding and the respondent's obligation to serve and file an answer were held in abeyance pending receipt of the medical expert's report and a determination as to whether the respondent was incapacitated and as to her ability to defend herself.

On January 23, 2015, the respondent was examined by N.G. Berrill, Ph.D., a forensic psychologist, and on March 20, 2015, Dr. Berrill filed a report with the Court, wherein he opined that the respondent was competent to participate in the disciplinary proceeding. Accordingly, by decision and order on motion of this Court dated July 16, 2015 (2015 NY Slip Op 79324[U]), inter alia, the parties were directed to proceed with the disciplinary proceeding previously held in abeyance.

## Verified Petition

Charge 1 alleges that the respondent engaged in illegal conduct that adversely reflects on her honesty, trustworthi-

ness, or fitness as a lawyer, in violation of rule 8.4 (b) of the Rules of Professional Conduct (22 NYCRR 1200.0), in that she was convicted of a serious crime within the meaning of Judiciary Law § 90 (4) (d) and former 22 NYCRR 691.7, as follows: On or about March 7, 2013, the respondent was charged by felony complaint with: (1) tampering with public records in the first degree, in violation of Penal Law § 175.25, a class D felony; (2) grand larceny in the fourth degree, in violation of Penal Law § 155.30 (2), a class E felony; and (3) official misconduct, in violation of Penal Law § 195.00, a class A misdemeanor. On or about April 10, 2013, the respondent pleaded guilty, in County Court, Suffolk County, to tampering with public records in the second degree. At the plea proceeding, the respondent admitted that, on February 14, 2012, while employed as a staff attorney for the Legal Aid Society of Suffolk County, she removed a record or file from Legal Aid's offices, having no right to do so, and later destroyed the record or file by placing it in a garbage dumpster. On June 19, 2013, the respondent was sentenced to three years' probation, with drug, alcohol, and mental health conditions, and a DNA fee in the sum of $50 was imposed.

Charge 2 alleges that the respondent engaged in conduct prejudicial to the administration of justice, in violation of rule 8.4 (d) of the Rules of Professional Conduct (22 NYCRR 1200.0), based on her failure to file with the Appellate Division, Second Department, a record of her conviction within 30 days of such conviction, as required under Judiciary Law § 90 (4) (c).

Charge 3 alleges that the respondent engaged in conduct that adversely reflects on her fitness as a lawyer, in violation of rule 8.4 (h) of the Rules of Professional Conduct (22 NYCRR 1200.0), based on the aforementioned conduct set forth in charges 1 and 2.

Charge 4 alleges that the respondent engaged in conduct involving dishonesty, fraud, deceit, or misrepresentation, in violation of rule 8.4 (c) of the Rules of Professional Conduct (22 NYCRR 1200.0), in that she filed an affidavit of resignation with this Court, but failed to inform the Court that she was the subject of a criminal investigation and had pleaded guilty to a serious crime. After her plea of guilty on April 10, 2013, but prior to her sentencing on June 19, 2013, the respondent submitted to the Appellate Division, Second Department, a voluntary affidavit of resignation in good standing, dated June 6, 2013. In paragraph No. 6 of her affidavit, requesting whether

there were any complaints of professional misconduct pending against her, the respondent stated "no." In paragraph No. 8 of her affidavit, requesting whether she had ever been disciplined, the respondent stated that she had been issued a June 29, 2012 letter of caution in a disciplinary investigation under file No. S-76-12. That file number pertained to a sua sponte disciplinary investigation initiated by the Grievance Committee into allegations of professional misconduct by the respondent (*see* charge 7 below). In paragraph No. 9 of her affidavit, which asked for a statement of her reasons for resigning, the respondent stated:

> "The Social Security Administration has determined that I am disabled due to a mental illness. During the peak of my mental illness (after onset and prior to appropriate treatment), I texted confidential information to a third party. I also possessed a file without permission in connection with paragraph 8 above [reference to Letter of Caution]. To avoid making further mistakes while I obtain control over my mental illness, I am requesting leave to resign."

The respondent did not advise the Appellate Division that the acts described in paragraph No. 9 of her affidavit were the basis of two felony charges and one misdemeanor charge, and that she pleaded guilty to tampering with public records in the second degree on April 10, 2013, and was awaiting sentencing. By decision and order dated November 7, 2013 (2013 NY Slip Op 90674[U]), the Appellate Division, Second Department, accepted the respondent's voluntary resignation, and removed her name from the roll of attorneys and counselors-at-law.

Charge 5 alleges that the respondent engaged in conduct prejudicial to the administration of justice, in violation of rule 8.4 (d) of the Rules of Professional Conduct (22 NYCRR 1200.0), based on the aforementioned conduct set forth in charges 1, 2, and 4.

Charge 6 alleges that the respondent engaged in conduct that adversely reflects on her fitness as a lawyer, in violation of rule 8.4 (h) of the Rules of Professional Conduct (22 NYCRR 1200.0), based on the aforementioned conduct set forth in charges 1 and 4.

Charge 7 alleges that the respondent engaged in conduct that adversely reflects on her fitness as a lawyer, in violation of rule 8.4 (h) of the Rules of Professional Conduct (22 NYCRR

1200.0), based on the respondent's conduct in the Solovay custody matters. In related child custody proceedings in Family Court, Suffolk County, under Family Court docket No. V-09533-10, entitled *Matter of Solovay v Solovay*, the attorney for the child was the Legal Aid Society of Suffolk County. An evidentiary hearing on the mother's and father's petitions was conducted before Court Attorney Referee Roseann Orlando. After the hearing, Court Attorney Referee Orlando issued two orders, dated February 7, 2011, and March 22, 2011, respectively, which, in effect, awarded the mother sole custody of the child with certain visitation rights to the father. During the pendency of the Family Court proceedings, and through the hearing, the mother, Sandra Solovay, was represented by Thomas K. Campagna, and the father, Steven Solovay, was represented by a court-appointed attorney, Thomas William McNally. The child was represented by a staff attorney from Legal Aid, Barbara Walsh Clarke.

The father appealed the two orders to the Appellate Division, Second Department. His court-appointed attorney for the appeal, Joseph R. Faraguna, filed a brief on or about July 18, 2011. The respondent, at the time a staff attorney with Legal Aid, was assigned to the appeal on behalf of the child. She filed a responsive brief on or about October 24, 2011. In the period between the respondent's filing of her brief, and oral argument on the appeal, which occurred on January 3, 2012, the mother filed a new petition in the Family Court, seeking to have the visitation schedule modified.

A hearing was scheduled on the mother's modification petition before Court Attorney Referee Orlando on November 15, 2011. On that date, the father was represented, for the first time, by a retained attorney, Mace Greenfield. The mother was still represented by attorney Campagna, and the respondent appeared for the child. The mother's attorney advised the respondent and Greenfield that he intended to file a motion to have the respondent and Legal Aid relieved from representing the child due to a conflict of interest, on the basis of the respondent's relationship with Greenfield, and did so. The respondent had "dated" Greenfield, and had an intimate relationship with him, in the period 1995-1998, while they attended law school. In 2009, the respondent retained Greenfield to represent her in a divorce action, which was resolved in 2010.

At the appearance before Court Attorney Referee Orlando, the father, through his attorney, declined to execute a stipula-

tion to have Court Attorney Referee Orlando preside over the hearing. The modification proceeding was referred to Family Court Judge Joan Genchi. The respondent had discussed the conflict issue with her supervisor, and it was determined that Legal Aid would defer to the Family Court Judge's discretion on the motion to be relieved.

On November 22, 2011, before Judge Genchi, counsel for the mother advised the court of the conflict of interest issue, and informed the court that because of the conflict, the mother had lost confidence in the attorney for the child. The respondent informed the court that her intimate relationship with Greenfield occurred 13 years earlier, and that he had represented her in a "personal matter." The respondent did not advise the court that her office's position was to defer to the court's discretion. Instead, she argued that "I believe [removal of the Legal Aid Society] would be very unfair to my client, [as] my client has been represented by my office for over two years." Judge Genchi did not rule on the motion to disqualify. Rather, Judge Genchi relieved the respondent and Legal Aid from representing the child in the modification proceeding on other grounds, i.e., that she was presiding over another proceeding in which the respondent's daughter had filed a petition against the respondent.

The respondent continued to represent the child in the appeal that was pending before the Appellate Division, Second Department. At oral argument of that appeal, the respondent advised the Appellate Division that she and Legal Aid had been relieved in the related modification proceeding on the basis of the proceeding pending against her by her daughter, which was assigned to the same Family Court Judge, but failed to advise the Appellate Division of the mother's motion to disqualify her on the basis of her relationship with Greenfield. Counsel for the mother advised the Court of these facts. At oral argument, the respondent altered her legal position, from seeking reversal of the Family Court orders and remittal of the matter for a new hearing before a different Court Attorney Referee, to requesting that the Appellate Division immediately award custody of the child to the father.

Based on the aforementioned facts, the Grievance Committee commenced a sua sponte investigation, which resulted in the issuance of a letter of caution.

While the Grievance Committee's investigation was still pending, by decision and order dated April 10, 2012, the Appel-

late Division, Second Department, affirmed the Family Court's determination awarding sole custody of the child to the mother, and modified the visitation schedule (*see Matter of Solovay v Solovay*, 94 AD3d 898 [2012]). In doing so, the Appellate Division also held that "[c]ontrary to the contention of the attorney for the child, there is no evidence that the referee was biased against the father or deprived him of a fair hearing" (*id*. at 900).

During the course of the criminal investigation into the respondent's unlawful possession and destruction of a Legal Aid file, the respondent gave a sworn statement to a police detective on July 26, 2012, wherein she made the following statements, none of which was disclosed to the Grievance Committee during its investigation:

(a) That on either January 18 or 30, 2012, the respondent met with the father at his home, and assisted him in preparing a petition for filing in Family Court, seeking custody of the child.

(b) That while she was responding to the Grievance Committee's disciplinary investigation, the respondent was advised by the child's father that the mother's attorney, Thomas K. Campagna, was involved in a possible conflict of interest. The father alleged that Campagna represented Joseph Frischkorn, the husband of Court Attorney Referee Roseann Orlando, in a Family Court neglect proceeding concerning Frischkorn's daughter, who was also Orlando's stepdaughter.

(c) That on or about February 14, 2012, the respondent obtained the Legal Aid file pertaining to the Frischkorn proceeding. The respondent learned that Campagna did not represent any party in the Frischkorn proceeding, but that Legal Aid did represent the child in that proceeding as attorney for the child.

(d) That the respondent reviewed the Legal Aid Frischkorn file and retained it for her use in her defense of the disciplinary proceeding, or, as she stated, "I guess because of my uncertainty of what the Grievance Committee would determine."

(e) That upon her review of the Frischkorn file, the respondent advised the father, Steven Solovay, via text message, copies of which the respondent did not provide to the Grievance Committee, that Campagna did not represent any party, but that Legal Aid was the attorney for the child, where the case

was primarily handled by the respondent's supervisor, Heidi Hilton. The respondent also shared other confidential information from the Frischkorn file with Steven Solovay, including the nature of the allegations.

(f) That the respondent retained possession of the Legal Aid Frischkorn file together with her file relating to the Grievance Committee's investigation.

(g) That the respondent denied to her superiors at Legal Aid that she had seen the Frischkorn file and that she shared confidential information from the file with Steven Solovay.

(h) That after receiving the June 29, 2012 letter of caution from the Grievance Committee, the respondent considered the disciplinary matter resolved. Consequently, she discarded the Frischkorn file in a garbage dumpster, fearing that parts of the file might have her fingerprints on them and it would become known that she had possessed the file.

Charge 8 alleges that the respondent engaged in conduct giving rise to a conflict of interest, in violation of rule 1.7 (a) (2) of the Rules of Professional Conduct (22 NYCRR 1200.0), based on her continued representation of a minor child in a child custody proceeding, where there was significant risk that her professional judgment would be adversely affected by her personal interests arising from her prior personal relationship with counsel for the father, and assisted the father in preparing a petition seeking custody of the child where a court had already awarded custody to the mother of the child, as set forth more fully in the factual specifications alleged in charge 7.

Charge 9 alleges that the respondent engaged in conduct prejudicial to the administration of justice, in violation of rule 8.4 (d) of the Rules of Professional Conduct (22 NYCRR 1200.0), in that she surreptitiously assisted a party to a contested custody proceeding, in which she represented the child, to prepare a petition in that proceeding after the court had ruled on the matter; improperly possessed and destroyed a public record for her personal benefit in defending a disciplinary investigation; disseminated privileged information from a file to an individual having no right to do so; falsely denied that she had the file or divulged privileged information from it; and failed to disclose these facts in a disciplinary investigation, as more fully set forth in charge 6.

Charge 10 alleges that the respondent engaged in conduct that adversely reflects on her honesty, trustworthiness, or fit-

ness as a lawyer, in violation of rule 8.4 (c) of the Rules of Professional Conduct (22 NYCRR 1200.0), based on the aforementioned conduct set forth in charge 9, and as more fully set forth in charge 7.

Based on the evidence adduced, and the respondent's admissions, the Special Referee properly sustained the charges. Accordingly, the Grievance Committee's motion to confirm the report of the Special Referee is granted.

In mitigation, the respondent testified at the hearing that she was afflicted with major depression during the relevant time period, and that, because she was unaware of its severity, she made "countless bad decisions." With regard to her submission of an affidavit for voluntary resignation wherein she failed to mention her conviction, while still claiming that she was not attempting to hide it from the Court, the respondent acknowledged that it was a "bad mistake but honest mistake." The respondent accepted responsibility for her actions, testified candidly, and was deeply remorseful. The respondent was terminated from her position with the Legal Aid Society in 2012, and has been suspended from the practice of law since November 24, 2014. The respondent, who is still on federal disability, testified that she was fully engaged and committed to taking the necessary steps to maintain and continue her recovery.

Notwithstanding the aforementioned mitigating factors, tampering with public records is a serious offense. Moreover, the destruction here was willful. Coupled with the respondent's less than forthcoming behavior in submitting a false affidavit to this Court, and lack of candor during the Grievance Committee's investigation of her conduct in the Solovay child custody matters, we conclude that a suspension from the practice of law for a period of three years is warranted. Any future application for reinstatement is conditioned upon the respondent furnishing written proof from a mental health expert establishing that she is mentally fit to resume the practice of law.

ENG, P.J., MASTRO, RIVERA, DILLON and COHEN, JJ., concur.

Ordered that the petitioner's motion to confirm the Special Referee's report is granted; and it is further,

Ordered that the respondent, Diane B. Groom, admitted as Diane Barbara Groom, is suspended from the practice of law for a period of three years, effective immediately, and continu-

ing until further order of this Court. The respondent shall not apply for reinstatement earlier than October 26, 2019. In such application (*see* 22 NYCRR 1240.16, 691.11), the respondent shall furnish satisfactory proof that during the period of suspension, she: (1) refrained from practicing or attempting to practice law, (2) fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred or suspended attorneys (*see* 22 NYCRR 1240.15), (3) complied with the applicable continuing legal education requirements of 22 NYCRR 691.11 (a), and (4) otherwise properly conducted herself; and it is further,

Ordered that, during the period of suspension and until further order of this Court, the respondent, Diane B. Groom, admitted as Diane Barbara Groom, shall comply with the rules governing the conduct of disbarred or suspended attorneys (*see* 22 NYCRR 1240.15); and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until such further order of this Court, the respondent, Diane B. Groom, admitted as Diane Barbara Groom, shall desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding herself out in any way as an attorney and counselor-at-law; and it further,

Ordered that if the respondent, Diane B. Groom, admitted as Diane Barbara Groom, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in her affidavit of compliance pursuant to 22 NYCRR 1240.15 (f).