Matter of Thomas R.K. v Tamara S.K. (2018 NY Slip Op 07725)





Matter of Thomas R.K. v Tamara S.K.


2018 NY Slip Op 07725


Decided on November 14, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 14, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
LEONARD B. AUSTIN
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.


2017-11930
 (Docket Nos. V-813-12/16D, V-814-12/16D, O-2222-16)

[*1]In the Matter of Thomas R.K. (Anonymous), respondent, 
v
Tamara S.K. (Anonymous), appellant.


Rhett D. Weires, P.C., New Paltz, NY, for appellant.
George E. Reed, Jr., White Plains, NY, attorney for the children.



DECISION & ORDER
In related proceedings pursuant to Family Court Act articles 6 and 8, the mother appeals from an order of the Family Court, Orange County (Christine P. Krahulik, J.), entered October 10, 2017. The order, insofar as appealed from, after a hearing, found that the mother committed the family offense of harassment in the second degree, granted the father's petition for sole legal and physical custody of the parties' children, limited the mother to supervised therapeutic parental access, and, in effect, delegated to the parties the scheduling and selection of a provider for supervised therapeutic parental access.
ORDERED that the order is modified, on the law, by deleting the provision thereof, in effect, delegating to the parties the scheduling and selection of a provider for supervised therapeutic parental access; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Family Court, Orange County, to forthwith set an appropriate schedule and select a provider for the mother's supervised therapeutic parental access with the children; and it is further,
ORDERED that in the interim, the parental access provisions set forth in the order shall remain in effect.
The parties were married and had two children. In connection with their divorce, the parties consented to joint legal custody of the children. In 2016, the father petitioned to modify the custody arrangement so as to award him sole legal and residential custody of the children. The father also filed a petition alleging that the mother had committed various family offenses, including harassment in the second degree. After a hearing, the Family Court found that the mother had committed the family offense of harassment in the second degree, awarded the father sole legal and residential custody of the children, and limited the mother's access to supervised therapeutic parental access. The court did not set a schedule or specify a provider for the mother's supervised therapeutic parental access. The mother appeals.
"A family offense must be established by a fair preponderance of the evidence" (Matter of Washington v Washington, 158 AD3d 717, 718; see Family Ct Act § 832). "The determination of whether a family offense was committed is a factual issue to be resolved by the [*2]Family Court" (Matter of Washington v Washington, 158 AD3d at 718; see Matter of Pierre v Dal, 142 AD3d 1021, 1023). The Family Court's determination regarding the credibility of witnesses is entitled to great weight on appeal and will not be disturbed if supported by the record (see Matter of Washington v Washington, 158 AD3d at 718; Matter of Pierre v Dal, 142 AD3d at 1023; Matter of Maiorino v Maiorino, 107 AD3d 717).
Contrary to the mother's contention, a fair preponderance of the credible evidence supports the Family Court's determination that she committed the family offense of harassment in the second degree (see Penal Law § 240.26[3]).
A court may modify an order awarding custody and parental access upon a showing that there has been a subsequent change of circumstances and that modification is in the best interests of the child (see Matter of Mack v Kass, 115 AD3d 748, 748-749; Matter of Sinnott-Turner v Kolba, 60 AD3d 774, 775). The best interests of the child are determined by a review of the totality of the circumstances (see Eschbach v Eschbach, 56 NY2d 167, 171). Custody determinations depend to a great extent upon an assessment of the character and credibility of the parties and witnesses, and therefore, deference is accorded to the trial court's findings in this regard (see Matter of Gooler v Gooler, 107 AD3d 712, 712). Such findings will not be disturbed unless they lack a sound and substantial basis in the record (see id.; Matter of Frankiv v Kalitka, 105 AD3d 1045). Supervised parental access is appropriate where it is established that unsupervised parental access would be detrimental to the child (see Matter of Gainza v Gainza, 24 AD3d 551, 551). The determination of whether parental access should be supervised is a matter left to the trial court's sound discretion, and its findings will not be disturbed on appeal unless they lack a sound and substantial basis in the record (see Irizarry v Irizarry, 115 AD3d 913, 914-915; Matter of Gooler v Gooler, 107 AD3d at 712).
Here, the Family Court's determination that there had been a change in circumstances and that it was in the children's best interests to award the father sole legal and residential custody, with the mother's access limited to supervised therapeutic parental access is supported by a sound and substantial basis in the record and, thus, will not be disturbed (see Matter of Skipper v Pugh, 128 AD3d 972, 973).
However, the Family Court should have set forth in its order a schedule and designated a provider for supervised therapeutic parental access, rather than implicitly delegating the resolution of those issues to the parties (see Matter of Goldfarb v Szabo, 130 AD3d 728, 729; Matter of Bonthu v Bonthu, 67 AD3d 906, 907). Accordingly, we remit the matter to the Family Court, Orange County, to forthwith set an appropriate schedule and select a provider for the mother's supervised therapeutic parental access with the children.
BALKIN, J.P., AUSTIN, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court