Matter of Williams v Williams (2022 NY Slip Op 05695)

Matter of Williams v Williams

2022 NY Slip Op 05695

Decided on October 12, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 12, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
ROBERT J. MILLER
LARA J. GENOVESI
BARRY E. WARHIT, JJ.

2021-03306
2021-03308
 (Docket Nos. V-00002-15/19H, O-00918-18/18A)

[*1]In the Matter of Ansil Lincoln Williams, appellant,
v
Tanique Williams, respondent. (Proceeding No. 1.)
In the Matter of Ansil Williams, appellant,
v
Tanique Williams, respondent. (Proceeding No. 2.)

Heath J. Goldstein, Jamaica, NY, for appellant.
Lewis S. Calderon, Jamaica, NY, for respondent.
Karen P. Simmons, Brooklyn, NY (Janet Neustaetter and Laura Solecki of counsel), attorney for the child.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6 and a related proceeding pursuant to Family Court Act article 8, the father appeals from two orders of the Supreme Court, Kings County (IDV Part) (Esther M. Morgenstern, J.), both dated October 29, 2020. The first order, without a hearing, denied the father's petition in the proceeding pursuant to Family Court Act article 8 and dismissed that proceeding. The second order, insofar as appealed from, without a hearing, denied that branch of the father's petition in the proceeding pursuant to Family Court Act article 6 which was for parental access with the subject child and dismissed that portion of the proceeding.
ORDERED that the first order is affirmed, without costs or disbursements; and it is further,
ORDERED that the second order is affirmed insofar as appealed from, without costs or disbursements.
The father of the subject child commenced a proceeding pursuant to Family Court Act article 8 in which he sought a temporary order of parental access. The father also commenced a proceeding pursuant to Family Court Act article 6, inter alia, for parental access with the child. By order dated October 29, 2020, the Supreme Court denied the petition in the proceeding pursuant to Family Court Act article 8 and dismissed that proceeding. In a second order dated October 29, 2020, the court, among other things, denied that branch of the petition in the proceeding pursuant to Family Court Act article 6 which was for parental access and dismissed that portion of that proceeding. The father appeals.
A court "'has broad discretion in fashioning a remedy in matters of custody and [parental access], with the paramount concern being the best interests of the child'" (Cervera v Bressler, 109 AD3d 780, 781, quoting Matter of Schick v Schick, 72 AD3d 1100, 1101; see Hepheastou v Spaliaras, 201 AD3d 793, 794). "'Absent extraordinary circumstances, where [parental access] would be detrimental to the child's well-being, a noncustodial parent has a right to reasonable [parental access] privileges'" (Matter of Rodriguez v Silva, 121 AD3d 794, 795, quoting Pollack v Pollack, 56 AD3d 637, 639 [internal quotation marks omitted]).
Here, the Supreme Court's denial of parental access was supported by a sound and substantial basis in the record. The record demonstrated, inter alia, that the father failed to appreciate the consequences of an alleged act of physical abuse committed against the child. The record also showed that the child, who was enrolled in trauma therapy, consistently resisted parental access with the father. The record further established that the father failed to cooperate with a court-ordered investigation by the Administration for Children's Services. Under these circumstances, the court providently exercised its discretion in denying, without a hearing, the father's petition pursuant to Family Court Act article 8 and that branch of the petition in the proceeding pursuant to Family Court Act article 6 which was for parental access with the child (see Matter of Fekete-Markovits v Markovits, 140 AD3d 1061, 1063; Matter of Smith v Dawn F.B., 88 AD3d 729, 730; Matter of Reiss v Giraldo, 77 AD3d 759; Matter of Mera v Rodriguez, 73 AD3d 1069, 1070).
BRATHWAITE NELSON, J.P., MILLER, GENOVESI and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court