In the Matter of JOSEPH DeSIMONE, Respondent , v MARY ANN DELANO, Appellant. [941 NYS2d 267]—In a proceeding pursuant to Family Court Act article 6, the mother appeals, as limited by her brief, from so much of an order of the Family Court, Orange County (Klein, J.), dated April 26, 2010, as granted the father's petition to modify the visitation provisions of an order of custody and visitation of the same court dated February 11, 2002, to the extent of limiting the children's visitation with the mother to every other Saturday, from 10:00 A.M. to 6:00 P.M., and dinner visits on Friday evenings on the alternate weeks that she does not have Saturday visitation.

Ordered that the order dated April 26, 2010, is affirmed insofar as appealed from, without costs or disbursements.

Modification of an existing custody or visitation order is permissible only upon a showing that there has been a change in circumstances such that modification is necessary to ensure the best interests of the children (*see* Family Ct Act § 467 [b]; *Matter of Wilson v McGlinchey*, 2 NY3d 375, 380 [2004]; *Friederwitzer v Friederwitzer*, 55 NY2d 89, 95 [1982]). The determination of visitation issues is entrusted to the sound discretion of the Family Court, and its determination will not be disturbed unless it lacks a sound and substantial basis in the record (*see Matter of Indig v Indig*, 90 AD3d 1050 [2011]).

Here, the Family Court's determination that a change in circumstances warranted modification of the existing order of custody and visitation to the extent of limiting the children's

visitation with the mother to every other Saturday, from 10:00 A.M. to 6:00 P.M., and dinner visits on Friday evenings on the alternate weeks that she does not have Saturday visitation, had a sound and substantial basis in the record. Skelos, J.P., Belen, Lott and Miller, JJ., concur.