In a proceeding pursuant to Family Court Act article 6, the father appeals (1) from a decision of the Family Court, Queens County (Stanton, Ct. Atty. Ref.), dated October 4, 2011, made after a hearing, and (2), as limited by his brief, from so much of an order of the same court dated October 5, 2011, as, upon the decision, granted the mother’s petition to modify the visitation provisions of an order of custody and visitation of the same court dated October 29, 2003, to the extent of requiring the father to complete eight supervised visits with the subject child before resuming unsupervised visits.
Ordered that the appeal from the decision is dismissed, without costs or disbursements, as no appeal lies from a decision (see Schicchi v J.A. Green Constr. Corp., 100 AD2d 509 [1984]); and it is further,
Ordered that the order dated October 5, 2011, is affirmed insofar as appealed from, without costs or disbursements.
Modification of an existing custody or visitation order is permissible only upon a showing that there has been a change in circumstances such that modification is necessary to ensure the best interests of the children (see Family Ct Act § 467 [b]; Matter of Wilson v McGlinchey, 2 NY3d 375, 380 [2004]; Friederwitzer v Friederwitzer, 55 NY2d 89, 95 [1982]; Matter of DeSimone v Delano, 94 AD3d 759 [2012]). “The determination of whether visitation should be supervised is a matter left to Family Court’s sound discretion . . . and its findings, to which deference is to be accorded, will not be disturbed on appeal unless they lack a sound basis in the record” (Matter of Smith v Roberts, 67 AD3d 688, 689 [2009] [internal quotation marks omitted]).
Here, the Family Court’s determination that a change of circumstances warranted modification of the existing order of custody and visitation to the extent of requiring the father to complete eight supervised visits with the child before resuming unsupervised visits had a sound basis in the record. Mastro, J.P., Balkin, Hall and Austin, JJ., concur.