In the Matter of DILLON O.B., SR., Appellant, v KERRYANN NICOLE MCLAREN, Respondent. DILYN B., Nonparty Appellant. [19 NYS3d 89]—

Appeals from an order of the Family Court, Kings County (W. Franc Perry, J.), dated April 23, 2014. The order, after a hearing, denied the petition of Dillon O.B., Sr., to modify a prior order of visitation so as to terminate his visitation with the child Dillon B., denied his petition for joint legal and physical custody of the child Dilyn B., and, in effect, vacated the provision of the prior order of visitation which awarded him visitation with the child Dilyn B.

Ordered that the order dated April 23, 2014, is affirmed, without costs or disbursements.

The children who are the subject of this proceeding are Dillon B., known as DJ, who is now 11 years old, and his younger sister, Dilyn B., who is now 9 years old. On the date of DJ's birth, the petitioner signed an acknowledgment of paternity, and continued to act as his father for five years after learning

that DJ was not his biological son. The petitioner was awarded visitation with both DJ and Dilyn, his biological daughter, by order dated May 22, 2009. However, the petitioner subsequently filed a petition seeking to modify the order of visitation to afford him visitation only with his daughter Dilyn.

The Family Court did not err in denying the petition to modify the order of visitation so as to delete the provision awarding him visitation with DJ and continue the order as to Dilyn alone. The petitioner failed to show that there has been a change in circumstances such that the modification he seeks is necessary to ensure the best interests and welfare of the children (*see Matter of DeMille v Pizzo*, 129 AD3d 957 [2015]; *Matter of Hall v Simmons*, 108 AD3d 628 [2013]; *Matter of Karen S. v Quinn S.*, 104 AD3d 951 [2013]).

The Family Court has broad discretion in fashioning a remedy in matters of custody and visitation, with the paramount concern being the best interests of the child (*see Matter of Richmond v Perez*, 122 AD3d 928 [2014]; *Matter of Yearwood v Yearwood*, 90 AD3d 771 [2011]; *Matter of Pignataro v Davis*, 8 AD3d 487 [2004]). In determining the best interests of the child, the court must review the totality of the circumstances (*see Matter of Yearwood v Yearwood*, 90 AD3d at 773; *Matter of Sparacio v Fitzgerald*, 73 AD3d 790 [2010]). The court's determination of visitation issues will not be disturbed unless it lacks a sound and substantial basis in the record (*see Matter of Boggio v Boggio*, 96 AD3d 834 [2012]; *Matter of DeSimone v Delano*, 94 AD3d 759 [2012]; *Matter of Crowder v Austin*, 90 AD3d 753 [2011]). Here, there is a sound and substantial basis in the record for the court's determination that, under the totality of the circumstances, the drastic remedy of denying the petitioner visitation with Dilyn was warranted. There was substantial evidence adduced at the hearing that, under the circumstances, visitation with Dilyn would be detrimental to the welfare of both children, and was not in their best interests (*see Matter of Walker v Diaz*, 95 AD3d 1225 [2012]; *Matter of Panetta v Ruddy*, 18 AD3d 662 [2005]; *Matter of Bradley v Wright*, 260 AD2d 477 [1999]).

The Family Court also did not err in denying the petition for joint custody of Dilyn. There is a sound and substantial basis for the court's determination that joint custody would be inappropriate here. The relationship between the parties had deteriorated to the point that they could not communicate and cooperate with one another concerning Dilyn. Therefore joint custody is not feasible (*see Matter of O'Loughlin v Sweetland*, 98 AD3d 983 [2012]). Leventhal, J.P., Chambers, Austin and Miller, JJ., concur.