Heffer v Krebs (2021 NY Slip Op 04542)





Heffer v Krebs


2021 NY Slip Op 04542


Decided on July 28, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 28, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LEONARD B. AUSTIN
COLLEEN D. DUFFY
BETSY BARROS, JJ.


2020-05598
 (Index No. 6510/19)

[*1]Stuart M. Heffer, respondent, 
v
Helen B. Krebs, appellant.


The Law Offices of Michael C. Catalanotto, P.C., Nesconset, NY, for appellant.
Rand P. Schwartz, Massapequa Park, NY, for respondent.



DECISION & ORDER
In a matrimonial action in which the parties were divorced by a judgment dated June 11, 2019, the defendant appeals from an order of the Supreme Court, Suffolk County (Stephen J. Lynch, J.), dated June 11, 2020. The order, insofar as appealed from, denied those branches of the defendant's motion which were to hold the plaintiff in contempt, to modify the custody provisions of the parties' stipulation of settlement dated February 27, 2019, which was incorporated but not merged into the parties' judgment of divorce, and for an award of attorneys' fees.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The parties were married in 2003 and have one child together, born in 2006. On June 30, 2016, the parties entered into a separation agreement, which provided for joint custody of the parties' child, with the defendant having primary residential custody. The parties divorced in 2019, and in a stipulation of settlement dated February 27, 2019, which was incorporated but not merged into the judgment of divorce, the parties agreed to be bound by the custody terms set forth in the separation agreement. In December 2019, the defendant moved, inter alia, to hold the plaintiff in contempt, to modify the custody provisions of the stipulation of settlement, among other things, so as to award her sole legal and physical custody of the child, and for an award of attorneys' fees. The defendant argued that the plaintiff on two occasions, and the defendant's parents on two other occasions, had the child inoculated with vaccines for common childhood diseases, without first discussing it with the defendant and in spite of her claimed religious beliefs opposing vaccines. In an order dated June 11, 2020, the Supreme Court, inter alia, denied those branches of the defendant's motion which were to hold the plaintiff in contempt, to modify the custody provisions of the stipulation of settlement, and for an award of attorney's fees. The defendant appeals.
"A motion to punish a party for civil contempt is addressed to the sound discretion of the motion court" (Matter of Mendoza-Pautrat v Razdan, 160 AD3d 963, 964). To prevail on a motion to punish for civil contempt, the movant must establish by clear and convincing evidence: "(1) that a lawful order of the court, clearly expressing an unequivocal mandate, was in effect, (2) that the party against whom contempt is sought disobeyed the order, (3) that the party who disobeyed the order had knowledge of its terms, and (4) that the movant was prejudiced by the offending conduct" (Spencer v Spencer, 159 AD3d 174, 177; see Matter of McCormick v Axelrod, 59 NY2d 574, 583, amended 60 NY2d 652; see also Judiciary Law § 753[A][1]). "Once the movant makes [*2]the required showing, the burden shifts to the alleged contemnor to refute that showing, or to offer evidence of a defense such as an inability to comply with the order" (Matter of Mendoza-Pautrat v Razdan, 160 AD3d at 965; see Cassarino v Cassarino, 149 AD3d 689, 690).
Here, the Supreme Court providently exercised its discretion in denying that branch of the defendant's motion which was to hold the plaintiff in contempt, since the defendant failed to prove by clear and convincing evidence that the plaintiff's violation of a provision of the separation agreement prejudiced her (see Penavic v Penavic, 109 AD3d 648, 650).
The separation agreement provided that "[t]he parties shall continue to cooperate and consult with one another to arrive at decisions which they believe are in the best interest of the [c]hild with respect to health." Despite this language, on two occasions, the plaintiff, without first consulting with the defendant, took the child, who had not received any vaccinations since the age of two, to get vaccinated.
However, the parties' separation agreement did not unequivocally prohibit the plaintiff from having the child inoculated. Moreover, in light of the parties' express intention to maintain the child's enrollment in public education, and New York State's then newly enacted public school vaccine mandate requiring such inoculations in order for the child to continue to attend public school (see Public Health Law § 2164; C.F. v New York City Dept. of Health & Mental Hygiene, 191 AD3d 52, 70), the defendant cannot demonstrate that she was prejudiced by the failure of the plaintiff to consult with her prior to having the child inoculated.
"In order to modify an existing court-sanctioned custody agreement, there must be a showing of a subsequent change in circumstances so that modification is required to protect the best interests of the child" (Henrie v Henrie, 163 AD3d 927, 928; see Gentile v Gentile, 149 AD3d 916, 918). "A parent seeking a change of custody is not automatically entitled to a hearing. Rather, a parent must make some evidentiary showing of a change in circumstances demonstrating a need for a change of custody in order to insure the child's best interests" (Henrie v Henrie, 163 AD3d at 928; see Gentile v Gentile, 149 AD3d at 918). Here, the defendant failed to make the requisite evidentiary showing of a change in circumstances sufficient to warrant a hearing (see Henrie v Henrie, 163 AD3d at 928; Matter of Perez v Richmond, 148 AD3d 904, 905). Further, while the parties had an issue with communication with respect to the issue of immunization, the defendant did not set forth any evidence to indicate that the parties' relationship was so acrimonious that joint legal custody is not feasible (see Matter of Rivas v Rivas, 193 AD3d 745).
Since the defendant did not demonstrate that the plaintiff engaged in contemptuous conduct that caused her to be prejudiced, she is not entitled to an award of attorneys' fees (see Judiciary Law § 773; O'Brien v O'Brien, 115 AD3d 720, 724).
DILLON, J.P., AUSTIN, DUFFY and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court