Matter of LaPera v Restivo (2022 NY Slip Op 00863)





Matter of LaPera v Restivo


2022 NY Slip Op 00863


Decided on February 9, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 9, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
CHERYL E. CHAMBERS
LINDA CHRISTOPHER
JOSEPH A. ZAYAS, JJ.


2021-03206
 (Docket No. V-3778-19/20A)

[*1]In the Matter of Frank Michael LaPera, appellant,
v
Christina Nicole Restivo, respondent.


Frank Michael LaPera, West Babylon, NY, appellant pro se.
Leslie J. Altman, Garden City, NY, for respondent.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the father appeals from an order of the Family Court, Nassau County (Danielle M. Peterson, J.), dated April 12, 2021. The order, without a hearing, dismissed the father's petition to modify a prior order of custody and parental access of the same court dated January 7, 2020, so as to expand his parental access with the parties' child.
ORDERED that the order dated April 12, 2021, is reversed, on the law, without costs or disbursements, the petition is reinstated, and the matter is remitted to the Family Court, Nassau County, for further proceedings consistent herewith.
The parties have one child in common, born in 2019. In November 2020, the father filed a petition to modify the parties' parental access arrangement, as set forth in an order dated January 7, 2020, entered upon consent (hereinafter the January 2020 order). Under the terms of the January 2020 order, the parties were awarded joint legal custody of the child, with residential custody to the mother and parental access to the father twice a week, in four-hour increments. In his modification petition, the father asserted, among other things, that when he consented to the terms of the January 2020 order, he was a probationary employee with the Metropolitan Transportation Authority, and as a result, his work schedule was "inconsistent." The father stated that his probationary employment period had since ended, and his schedule was more consistent, and he was off from work on Saturdays and Sundays. Given this change, the father sought expanded parental access with the child.
The Family Court dismissed the petition, without a hearing, without prejudice, on the ground that the father had failed to establish a sufficient change in circumstances to warrant modification of the January 2020 order. The father appeals.
In order to modify an existing custody or parental access arrangement, there must be a showing of a change in circumstances such that modification is required to protect the best interests of the child (see Matter of Merchant v Caldwell, 198 AD3d 782, 783; Matter of Gonzalez v Santiago, 167 AD3d 887, 889). Entitlement to a hearing on a modification petition, however, is not automatic; the petitioning parent must make a threshold evidentiary showing of a change in circumstances demonstrating a need for modification in order to insure the child's best interests (see [*2]Matter of Newton v McFarlane, 174 AD3d 67, 76-77; Matter of Gonzalez v Santiago, 167 AD3d at 889). Requiring parents to make this threshold showing before a hearing is ordered serves an important purpose because, as this Court has recognized, litigation of custody and visitation issues is emotionally fraught and "can create trauma and uncertainty for the child, as well as trauma, uncertainty, and expense for the parents" (Matter of Newton v McFarlane, 174 AD3d at 76).
Notwithstanding these legitimate concerns, the Family Court improperly dismissed the father's petition. Contrary to the court's determination, the father's assertions, which were supported by the requisite threshold evidentiary showing, warranted a hearing to resolve whether the existing parental access arrangement continued to serve the child's best interests (see Matter of Bodre v Stimatz, 150 AD3d 1228, 1229; Matter of Hillord v Davis, 123 AD3d 1126, 1126).
Accordingly, we reinstate the petition, and remit the matter to the Family Court, Nassau County, for a hearing to determine whether modification of the January 2020 order so as to expand the father's parental access schedule is in the best interests of the child.
DUFFY, J.P., CHAMBERS, CHRISTOPHER and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court