Matter of Mulholland v Mulholland (2022 NY Slip Op 01025)





Matter of Mulholland v Mulholland


2022 NY Slip Op 01025


Decided on February 16, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 16, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
CHERYL E. CHAMBERS
SHERI S. ROMAN
JOSEPH A. ZAYAS, JJ.


2021-03468
 (Docket Nos. V-3495-20/20A, V-3496-20/20A)

[*1]In the Matter of Shawn Mulholland, appellant,
v
Jacquelene Mulholland, respondent.


The Yitzhak Law Group, Great Neck, NY (Erica T. Yitzhak of counsel), for appellant.
Jacquelene Mulholland, Brooklyn, NY, respondent pro se.
Ronna L. DeLoe, Larchmont, NY, attorney for the children.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the father appeals from an order of the Family Court, Kings County (Danielle M. Rodriguez, Ct. Atty. Ref.), dated April 15, 2021. The order, without a hearing, dismissed the father's petition to modify the parties' stipulation of custody and parental access dated June 16, 2016, so as to award the parties joint legal and residential custody of their children.
ORDERED that the order is affirmed, without costs or disbursements.
The father and the mother were previously married and have two children together. In a stipulation of custody and parental access dated June 16, 2016, which was incorporated but not merged into the parties' judgment of divorce dated November 13, 2017, the mother was awarded sole legal and residential custody of the children, and the father was awarded parental access. In February 2020, the father commenced this proceeding to modify the stipulation so as to award the parties joint legal and residential custody of the children. The mother moved to dismiss the father's petition for failure to state a cause of action. Without holding a hearing, the Family Court granted the mother's motion and dismissed the father's petition. The court found that the father had "failed to make an evidentiary showing that there has been a change in circumstances that would warrant a modification of the parties' [s]tipulation." The father appeals.
"'An order of custody may be modified only upon a showing that there has been a subsequent change in circumstances such that modification is required to ensure the best interests of the child'" (Matter of Edem v Wondemagegehu, 199 AD3d 795, 796, quoting Matter of Alphonse v Alphonse, 189 AD3d 1028, 1029). "'Before subjecting children and their parents to additional litigation, courts require that, before a full hearing is ordered, the parent seeking a change of custody must make an evidentiary showing of a change in circumstances demonstrating a need to conduct a full hearing into whether a change of custody is appropriate in order to insure the child's best interests'" (Matter of Edem v Wondemagegehu, 199 AD3d at 796, quoting Matter of Newton v McFarlane, 174 AD3d 67, 76-77).
Here, the Family Court properly dismissed the father's petition, as the father did not make an evidentiary showing of a change in circumstances (see Matter of Edem v Wondemagegehu, 199 AD3d at 796). The father's allegations relating to legal custody were conclusory and vague, and did not support a finding that the manner in which the parties were parenting the children had changed since the stipulation (see Connor v Connor, 104 AD3d 638, 639). The father's allegations regarding the parental access schedule and the locations of the parties' homes showed that the parties were complying with the stipulation and that there was no change in circumstances (see Smoczkiewicz v Smoczkiewicz, 2 AD3d 705, 706). Accordingly, the father failed to make an evidentiary showing of a change in circumstances, and the court properly granted the mother's motion to dismiss the father's petition and dismissed his petition without holding a hearing (see Matter of Edem v Wondemagegehu, 199 AD3d at 796).
BRATHWAITE NELSON, J.P., CHAMBERS, ROMAN and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court