Matter of Dubouse v Narita (2023 NY Slip Op 01292)

Matter of Dubouse v Narita

2023 NY Slip Op 01292

Decided on March 15, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 15, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
REINALDO E. RIVERA
PAUL WOOTEN
HELEN VOUTSINAS, JJ.

2021-09446
 (Docket No. V-13100-16/18C)

[*1]In the Matter of Willie Dubouse, appellant,
v
Marcia Narita, respondent.

Salihah R. Denman, New York, NY, for appellant.
Urban Justice Center, New York, NY (Heather Lothrop of counsel), for respondent.
Marion C. Perry, New York, NY, attorney for the child.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the father appeals from an order of dismissal of the Family Court, Queens County (Juanita E. Wing, Ct. Atty. Ref.), dated December 6, 2021. The order of dismissal, upon an order of the same court also dated December 6, 2021, granting, without a hearing, the motion of the attorney for the child to dismiss the father's petition to modify a prior order of custody, dismissed the petition. The notice of appeal from the order is deemed to be a notice of appeal from the order of dismissal (see CPLR 5512[a]).
ORDERED that the order of dismissal is affirmed, without costs or disbursements.
The parties, who were never married to each other, have one child together, born in 2014. Pursuant to a stipulation of settlement dated May 16, 2017, the parties shared joint legal custody of the child, with sole physical custody to the mother and certain parental access to the father. The custody agreement was embodied in an order dated May 16, 2017, issued on the consent of the parties. In May 2018, the father filed a petition to modify the order dated May 16, 2017, so as to award him sole legal and physical custody of the child. In November 2021, the attorney for the child moved to dismiss the father's petition. The Family Court granted the motion and dismissed the petition without holding a full hearing. The father appeals.
In order to modify an existing custody arrangement, there must be a showing of a subsequent change in circumstances so that modification is required to protect the best interests of the child (see Matter of Blackman v Barge, 207 AD3d 537, 538-539; Matter of Alphonse v Alphonse, 189 AD3d 1028, 1029). "While hearings are generally required in cases in which there is no existing permanent order of custody (see S.L. v J.R., 27 NY3d 558, 563), hearings are not automatically required whenever a party seeks a change in custody or parental access" (Matter of Newton v McFarlane, 174 AD3d 67, 76; see Matter of Scott v Powell, 146 AD3d 964, 965). "Before subjecting children and their parents to additional litigation, courts require that, before a full hearing is ordered, the parent seeking a change of custody must make an evidentiary showing of a change in circumstances demonstrating a need to conduct a full hearing into whether a change of custody is appropriate in order to insure the child's best interests" (Matter of Newton v McFarlane, 174 AD3d at 76-77; see Matter of Mulholland v Mulholland, 202 AD3d 963, 964).
Here, the father failed to make an evidentiary showing of a change in circumstances between the issuance of the order dated May 16, 2017, and the filing of his petition in May 2018 (see Matter of Blackman v Barge, 207 AD3d at 538; Matter of Renee P.-F. v Frank G., 161 AD3d 1163, 1167). The facts alleged in the father's petition were insufficient to make the threshold evidentiary showing of a change in circumstances warranting a hearing, because the alleged facts predated the initial custody determination or were unsubstantiated and conclusory (see Matter of Alphonse v Alphonse, 189 AD3d at 1029; Matter of Renee P.-F. v Frank G., 161 AD3d at 1167; Matter of Scott v Powell, 146 AD3d at 965-966). Accordingly, the Family Court properly granted the motion of the attorney for the child to dismiss the father's petition and dismissed the petition without holding a full hearing.
The father's remaining contention, raised for the first time on appeal, is not properly before this Court (see Matter of Capruso v Kubow, 195 AD3d 614, 617).
IANNACCI, J.P., RIVERA, WOOTEN and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court