Matter of Stone v Weinberg (2023 NY Slip Op 02883)

Matter of Stone v Weinberg

2023 NY Slip Op 02883

Decided on May 31, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 31, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
FRANCESCA E. CONNOLLY
LARA J. GENOVESI
HELEN VOUTSINAS, JJ.

2022-05235 
2022-08752
2022-08791
 (Docket No. V-17473-17)

[*1]In the Matter of Mark L. Stone, appellant,
v
Jamie M. Weinberg, respondent.

Wisselman, Harounian & Associates, P.C., Carle Place, NY (Jacqueline Harounian and Jordan E. Trager of counsel), for appellant.
Quatela | Chimeri, PLLC, Hauppauge, NY (Christopher J. Chimeri and Sophia Arzoumanidis of counsel), for respondent.
Susan A. DeNatale, Bayport, NY, attorney for the child.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the father appeals from (1) an order of the Family Court, Suffolk County (James F. Quinn, J.), dated June 7, 2022, (2) an order of the same court dated September 22, 2022, and (3) an amended order of the same court dated September 23, 2022. The order dated June 7, 2022, insofar as appealed from, denied, without a hearing, those branches of the father's motion which were to hold the mother in civil contempt for violating a prior order of the same court (David A. Morris, J.) dated July 5, 2019, and to modify the custody provisions of the order dated July 5, 2019. The order dated September 22, 2022, and the amended order dated September 23, 2022, insofar as appealed from, upon reargument, adhered to the determination in the order dated June 7, 2022.
ORDERED that the appeals from the orders dated June 7, 2022, and September 22, 2022, are dismissed, as those orders were superseded by the amended order dated September 23, 2022, made upon reargument; and it is further,
ORDERED that the amended order dated September 23, 2022, is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the mother.
The parties have one child in common and are subject to an order dated July 5, 2019 (hereinafter the custody order). Pursuant to the custody order, the parties share joint custody of the child and have spheres of influence over certain decisions, such that the father was awarded final decision-making authority over the child's education and the mother was awarded final decision-making authority over the child's medical needs. In December 2021, the father moved, inter alia, to hold the mother in civil contempt for violating the custody order, and to modify the custody order so as to award the father primary custody of the child and final decision-making [*2]authority over the child's medical needs. In an order dated June 7, 2022, the Family Court denied, without a hearing, those branches of the father's motion. By amended order dated September 23, 2022, the court, inter alia, upon reargument, adhered to its determination in the order dated June 7, 2022, denying those branches of the father's motion. The father appeals.
The Family Court, upon reargument, properly adhered to its original determination denying that branch of the father's motion which was to modify the custody order so as to award the father primary custody of the child and final decision-making authority over the child's medical needs. In order to modify an existing court-ordered custody arrangement, "there must be a showing of a subsequent change of circumstances so that modification is required to protect the best interests of the child" (Matter of Dubouse v Narita, 214 AD3d 798, 799; see Matter of Gagos v Delsalto, 213 AD3d 761, 761). "The best interests of the child are determined by assessing the totality of the circumstances" (Matter of Currie v Follini, 209 AD3d 649, 650). Here, the father's allegations amount to a disagreement between the parties about where to take the child for medical care, which, under the totality of the circumstances, does not constitute a change in circumstances or affect the best interests of the child. The record reflects that the parties' relationship has not deteriorated to the point where they cannot constructively communicate, and modification of the custody order is not warranted (see Matter of David JJ. v Verna-Lee KK., 207 AD3d 841, 844; Heffer v Krebs, 196 AD3d 684, 686; Matter of Rosen v Rosen, 162 AD3d 1283, 1285; Foley v Foley, 52 AD3d 773, 774).
Contrary to the father's contention, the Family Court was not required to hold a hearing on his motion. While "[c]ustody determinations should generally be made only after a full and plenary hearing" (O'Mahoney v O'Mahoney, 206 AD3d 819, 820 [internal quotation marks omitted]; see Silla v Silla, 200 AD3d 1091, 1092), "[a] party seeking a change in custody is not automatically entitled to a hearing, but must make an evidentiary showing sufficient to warrant a hearing" (Matter of Gayle v Muir, 211 AD3d 942, 943 [internal quotation marks omitted]; see Matter of Blackman v Barge, 207 AD3d 537, 538). "Before subjecting children and their parents to additional litigation, courts require that, before a full hearing is ordered, the parent seeking a change of custody must make an evidentiary showing of a change in circumstances demonstrating a need to conduct a full hearing into whether a change of custody is appropriate in order to insure the children's best interests" (Matter of Dubouse v Narita, 214 AD3d at 799 [internal quotation marks omitted]). Here, the father failed to make the necessary showing entitling him to a hearing regarding that branch of his motion which was to modify the custody order.
The father's remaining contentions are without merit.
LASALLE, P.J., CONNOLLY, GENOVESI and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court