Gugel v Gugel (2023 NY Slip Op 03770)

Gugel v Gugel

2023 NY Slip Op 03770

Decided on July 12, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 12, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
BETSY BARROS
PAUL WOOTEN
HELEN VOUTSINAS, JJ.

2022-07115
 (Index No. 707756/21)

[*1]Diana Gugel, respondent, 
v
Leon Gugel, appellant.

Steven P. Forbes, Huntington, NY, for appellant.
Warren S. Hecht, Forest Hills, NY, for respondent.
Rayaaz N. Khan, Jamaica, NY, attorney for the children.

DECISION & ORDER
In a matrimonial action in which the parties were divorced by judgment dated November 21, 2019, the defendant appeals from an order of the Supreme Court, Queens County (Margaret Parisi McGowan, J.), entered August 8, 2022. The order denied, without a hearing, the defendant's motion to modify the custody provisions of the parties' judgment of divorce so as to award him sole legal and residential custody of the parties' children.
ORDERED that the order is affirmed, without costs or disbursements.
The parties were married and have two children together. The parties' judgment of divorce dated November 21, 2019, directed that the parties would have joint legal and residential custody of the children, but that the plaintiff "shall be custodial parent of the children for child support purposes only." In May 2022, the defendant moved to modify the custody provisions of the judgement of divorce so as to award him sole legal and residential custody of the children. In an order entered August 8, 2022, the Supreme Court, without a hearing, denied the defendant's motion. The defendant appeals.
"In order to modify an existing court-sanctioned custody agreement, there must be a showing of a subsequent change in circumstances so that modification is required to protect the best interests of the child" (Heffer v Krebs, 196 AD3d 684, 686 [internal quotation marks omitted]; see Gentile v Gentile, 149 AD3d 916, 918). "Entitlement to a hearing on a modification petition, however, is not automatic; the petitioning parent must make a threshold evidentiary showing of a change in circumstances demonstrating a need for modification in order to insure the child's best interests" (Matter of LaPera v Restivo, 202 AD3d 788, 789).
Here, the defendant failed to make the requisite evidentiary showing of a change in circumstances sufficient to warrant a hearing on his motion to modify the custody provisions of the judgment of divorce so as to award him sole legal and residential custody of the children (see Mulholland v Mulholland, 202 AD3d 963, 964). While the defendant claimed a change in circumstances based upon the fact that the parties' oldest child had been residing exclusively with him since April 2022, the record reflects that the parties mutually agreed to that arrangement. Moreover, the defendant failed to make an evidentiary showing that the parties' relationship had [*2]deteriorated since the entry of the judgment of divorce to the extent that the parties were unable to maintain joint legal custody of the children (see Matter of Stone v Weinberg, ___ AD3d ___, 2023 NY Slip Op 02883 [2d Dept]; Jessica WW. v Misty WW., 192 AD3d 1364, 1366). Further, the defendant's remaining allegations either pertained to conduct that predated the judgment of divorce or were conclusory and unsubstantiated, and thus, were insufficient to warrant a hearing (see Matter of Dubouse v Narita, 214 AD3d 798; Matter of Rigali v Kogan, 204 AD3d 918, 919).
Accordingly, the Supreme Court properly denied, without a hearing, the defendant's motion to modify the custody provisions of the judgment of divorce so as to award him sole legal and residential custody of the children.
DILLON, J.P., BARROS, WOOTEN and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court