Matter of Wagner v Del Valle (2023 NY Slip Op 06143)

Matter of Wagner v Del Valle

2023 NY Slip Op 06143

Decided on November 29, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 29, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
JOSEPH J. MALTESE
PAUL WOOTEN
LOURDES M. VENTURA, JJ.

2021-05892
 (Docket Nos. V-14882-15/21E, V-14882-15/21F)

[*1]In the Matter of Michael Philip Wagner, appellant,
v
Emily C. Del Valle, respondent.

Daniel L. Pagano, White Plains, NY, for appellant.
Scott Stone, White Plains, NY, for respondent.
Jessica Bacal, Mt. Kisco, NY, attorney for the child.

DECISION & ORDER
In related proceedings pursuant to Family Court Act article 6, the father appeals from an order of the Family Court, Westchester County (Rachel Hahn, J.), dated July 13, 2021. The order granted, without a hearing, the mother's motion to dismiss (1) the father's amended petition to modify an order of same court dated February 7, 2020, so as, inter alia, to award him unsupervised parental access with the parties' child, and (2) the father's petition to enforce the parental access provision in the order dated February 7, 2020.
ORDERED that the order dated July 13, 2021, is affirmed, without costs or disbursements.
The parties, who were never married, have one child in common, born in October 2015. In an order dated February 22, 2016, which was entered upon the father's failure to appear at an inquest, the mother was awarded sole legal and physical custody of the child. In an order dated February 7, 2020, the Family Court, inter alia, awarded the father supervised parental access with the child.
In March 2021, the father filed an amended petition to modify the order dated February 7, 2020, so as, inter alia, to award him unsupervised parental access with the child. In April 2021, the father filed a petition to enforce the parental access provision in the order dated February 7, 2020, and to hold the mother in contempt for failure to comply with it. In an order dated July 13, 2021, the Family Court granted the mother's motion to dismiss the amended petition and the petition, without a hearing. The father appeals.
"In order to modify an existing custody arrangement, there must be a showing of a subsequent change in circumstances so that modification is required to protect the best interest[s] of the child" (Matter of Walker v Sterkowicz-Walker, 203 AD3d 1165, 1166). "Entitlement to a hearing on a modification petition, however, is not automatic; the petitioning parent must make a threshold evidentiary showing of a change in circumstances demonstrating a need for modification in order to insure the child's best interests" (Matter of LaPera v Restivo, 202 AD3d 788, 789). [*2]"Conclusory and nonspecific allegations relating to a change in circumstances are insufficient to justify a hearing on the issue of whether a change in custody would be in the best interests of the child" (Matter of Chichra v Chichra, 148 AD3d 883, 884).
Here, the Family Court properly granted that branch of the mother's motion which was to dismiss the father's amended petition to modify the order dated February 7, 2020, without a hearing. The father's allegations either pertained to conduct that predated that order or were conclusory and unsubstantiated. Thus, he failed to make an evidentiary showing of a change in circumstances demonstrating a need to conduct a hearing into whether a modification was required to protect the best interests of the child (see Gugel v Gugel, 218 AD3d 551, 552; Matter of Marotta v Marotta, 218 AD3d 468, 470; Matter of Soumare v White, 214 AD3d 992, 993; Matter of Dubouse v Narita, 214 AD3d 798, 799).
The Family Court also properly granted that branch of the mother's motion which was to dismiss the father's petition to enforce the order dated February 7, 2020. "A hearing is not mandated in every instance where contempt is sought; it need only be conducted if a factual dispute exists which cannot be resolved on the papers alone" (Del Vecchio v Del Vecchio, 219 AD3d 572, 578 [internal quotation marks omitted]). Here, the father failed to offer evidentiary support for his allegation that the mother failed to comply with the parental access provision of the order dated February 7, 2020, and therefore, failed to raise an issue of fact that would necessitate a hearing (see Matter of Chichra v Chichra, 148 AD3d at 885; Jaffe v Jaffe, 44 AD3d 825, 826).
The mother's remaining contention is not properly before this Court.
IANNACCI, J.P., MALTESE, WOOTEN and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court