Matter of Masiello v Astol (2024 NY Slip Op 04323)

Matter of Masiello v Astol

2024 NY Slip Op 04323

Decided on August 28, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 28, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
PAUL WOOTEN
LOURDES M. VENTURA, JJ.

2022-02671
 (Docket Nos. V-932-19, V-930-19, V-931-19)

[*1]In the Matter of Jeremy Aaron Masiello, appellant,
v
Nicole Astol, respondent.

Deana Balahtsis, New York, NY, for appellant.
Joan N. G. James, Brooklyn, NY, for respondent.
Liberty Aldrich, Brooklyn, NY (Leah Edmunds and Janet Neustaetter of counsel), attorney for the child.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the father appeals from an order of the Supreme Court, Kings County (IDV Part) (Esther M. Morgenstern, J.), dated March 28, 2022. The order dismissed, without a hearing, the father's petition to modify an order of the same court dated October 25, 2021, made on consent of the parties, and another order of the same court dated December 9, 2021, so as to award the parties joint legal and physical custody of their child.
ORDERED that the order dated March 28, 2022, is affirmed, without costs or disbursements.
The parties have one child in common, born in February 2014. In an order dated October 25, 2021, entered on consent, the mother was awarded sole legal and physical custody of the child, and the father was awarded parental access every other weekend. In an order dated December 9, 2021, the Supreme Court granted the mother's petition to modify the order dated October 25, 2021, solely to the extent of directing the parties to not contact each other directly by text or email.
In January 2022, the father filed a petition to modify the orders dated October 25, 2021, and December 9, 2021, so as to award the parties joint legal and physical custody of the child. In an order dated March 28, 2022, the Supreme Court dismissed the father's petition, without a hearing. The father appeals.
"In order to modify an existing custody arrangement, there must be a showing of a subsequent change in circumstances so that modification is required to protect the best interests of the child" (Matter of Dubouse v Narita, 214 AD3d 798, 799). "'Entitlement to a hearing on a modification petition, however, is not automatic; the petitioning parent must make a threshold evidentiary showing of a change in circumstances demonstrating a need for modification in order to insure the child's best interests'" (Gugel v Gugel, 218 AD3d 551, 551, quoting Matter of LaPera v Restivo, 202 AD3d 788, 789).
Here, the father failed to make the requisite evidentiary showing of a change in circumstances sufficient to warrant a hearing on his petition to modify the orders dated October 25, 2021, and December 9, 2021. The father's allegations either pertained to conduct that predated those orders or were conclusory and unsubstantiated. Thus, the father failed to make an evidentiary showing of a change in circumstances demonstrating a need to conduct a hearing into whether a modification was required to protect the best interests of the child (see Matter of Wagner v Del Valle, 221 AD3d 1017, 1018; Matter of Stones v VanDenberge, 167 AD3d 909, 909). Accordingly, the Supreme Court properly dismissed the father's petition without a hearing.
DILLON, J.P., CHAMBERS, WOOTEN and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court