Matter of Ciardullo v Smith (2025 NY Slip Op 01216)

Matter of Ciardullo v Smith

2025 NY Slip Op 01216

Decided on March 5, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 5, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
VALERIE BRATHWAITE NELSON
CARL J. LANDICINO
DONNA-MARIE E. GOLIA, JJ.

2023-04927
 (Docket No. V-6525-15/22I)

[*1]In the Matter of Lisa Ciardullo, respondent,
v
Michael Smith, appellant.

Nancy C. Nissen, White Plains, NY, for appellant.
Law Office of Carl D. Birman, PLLC, Albany, NY, for respondent.
Karen M. Jansen, White Plains, NY, attorney for the child.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the father appeals from an order of the Family Court, Westchester County (Arlene Katz, J.), dated May 12, 2023. The order, after a hearing, granted the mother's petition to modify a prior order of custody of the Supreme Court, Westchester County (IDV Part) (Susan M. Capeci, J.), dated January 6, 2017, so as to award her sole legal custody of the child.
ORDERED that the order dated May 12, 2023, is affirmed, without costs or disbursements.
The parties, who were never married, are the parents of a child, born in 2014. In an order dated January 6, 2017, the parties were awarded joint legal custody of the child. In an order dated November 14, 2019, the father was awarded supervised parental access with the child. In June 2022, the mother commenced this proceeding pursuant to Family Court Act article 6 to modify the order dated January 6, 2017, so as to award her sole legal custody of the child. After a hearing, the Family Court granted the mother's petition and awarded her sole legal custody of the child. The father appeals.
"In order to modify an existing custody or parental access arrangement, there must be a showing of a change in circumstances such that modification is required to protect the best interests of the child" (Matter of LaPera v Restivo, 202 AD3d 788, 789; see Matter of Wagner v Del Valle, 221 AD3d 1017, 1017). "Insofar as custody determinations largely turn on assessments of the credibility, character, temperament, and sincerity of the parties, the hearing court's determination should not be disturbed unless it lacks a sound and substantial basis in the record" (Matter of Duran v Contreras, 227 AD3d 1068, 1069-1070 [internal quotation marks omitted]; see Matter of Berkley v Beckles, 231 AD3d 1153, 1153). "Entitlement to a hearing on a modification petition, however, is not automatic; the petitioning parent must make a threshold evidentiary showing of a change in circumstances demonstrating a need for modification in order to insure the child's best interests" (Matter of LaPera v Restivo, 202 AD3d at 789; see Gugel v Gugel, 218 AD3d 551, 551).
Here, the mother's petition contained sufficient allegations of a change in [*2]circumstances to warrant a hearing on the modification issue, including that the parties' ability to cooperatively raise the child had deteriorated (see Matter of Gold v Khalifa, 223 AD3d 803, 804; Matter of Klotz v O'Connor, 124 AD3d 662, 663). Additionally, the Family Court's determination to award the mother sole legal custody of the child was supported by a sound and substantial basis in the record (see Matter of Vizueta v Wiley, 226 AD3d 797, 799; Matter of Gayle v Muir, 211 AD3d 942, 944). The mother demonstrated that the parties' relationship had deteriorated to the point where they could not communicate and engage in joint decision-making concerning the child, that the mother has more involvement with the child's needs on a day-to-day basis, and that she was the child's primary residential and legal custodian during the relevant time period (see Matter of Llanos v Barrezueta, 232 AD3d 606, 608-609; Matter of Dillon O.B. v McLaren, 133 AD3d 743, 744).
The father's remaining contention is without merit.
CONNOLLY, J.P., BRATHWAITE NELSON, LANDICINO and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court