Matter of Fernandez v Rasberry (2025 NY Slip Op 02917)

Matter of Fernandez v Rasberry

2025 NY Slip Op 02917

Decided on May 14, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 14, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
DEBORAH A. DOWLING
JANICE A. TAYLOR
PHILLIP HOM, JJ.

2023-06545 
 (Docket Nos. V-10843-20, V-13460-20)

[*1]In the Matter of Juan Jose Gilbert Fernandez, appellant,
v
Randi Nicole Rasberry, respondent. (Proceeding No. 1)
In the Matter of Randi Nicole Rasberry, respondent,
v
Juan Jose Gilbert Fernandez, appellant. (Proceeding No. 2) Lynn Poster-Zimmerman, P.C., Huntington, NY, for appellant.

Mitev Law Firm, P.C., Stony Brook, NY (Vesselin V. Mitev of counsel), for respondent.
Ronna L. DeLoe, Larchmont, NY, attorney for the child.

DECISION & ORDER
In related proceedings pursuant to Family Court Act article 6, the father appeals from an order of the Family Court, Suffolk County (James W. Malone, J.), dated June 30, 2023. The order, insofar as appealed from, after a hearing, in effect, granted the mother's application to decrease the father's parenting time with the parties' child, and detailed a parental access schedule for the father and the child.
ORDERED that on the Court's own motion, the notice of appeal is deemed to be an application for leave to appeal from the portion of the order appealed from, and leave to appeal is granted (see Family Ct Act § 1112[a]); and is further,
ORDERED that the order is reversed insofar as appealed from, on the law, without costs or disbursements, the mother's application to decrease the father's parenting time with the parties' child is denied, and the matter is remitted to the Family Court, Suffolk County, for a new determination of a parental access schedule for the father and the child consistent herewith.
The parties are the parents of one child. In a stipulation entered into on the record on November 9, 2021 (hereinafter the stipulation), the parties agreed, inter alia, to joint legal custody of the child, with the mother having primary residential custody and the father having parenting time amounting to "a cap of 140 hours" during every two-week period, although no parental access schedule was specified. Thereafter, in an order dated June 30, 2023, the Family Court, after a hearing, inter alia, in effect, granted the mother's application to decrease the father's parenting time with the child and detailed a parental access schedule for the father and the child that did not provide him with parenting time consistent with the terms of the stipulation. The father appeals.
The Family Court should have denied the mother's application to decrease the father's parenting time with the child. "Modification of a court-approved stipulation setting forth the terms of custody or parental access is permissible only upon a showing that there has been a sufficient change in circumstances such that modification is necessary to ensure the best interests and welfare of the child" (Matter of Burke v Squires, 202 AD3d 784, 785; see Matter of LaPera v Restivo, 202 AD3d 788, 789; Matter of Errante v Murphy, 172 AD3d 711, 712). "The paramount concern when making such a determination is the best interests of the child under the totality of the circumstances" (Matter of Burke v Squires, 202 AD3d at 785 [internal quotation marks omitted]).
Here, the mother failed to establish a sufficient change in circumstances warranting modification of the father's parenting time under the terms of the stipulation (see e.g. Matter of Errante v Murphy, 172 AD3d at 712; Matter of Saldana v Lopresti, 133 AD3d 669; Matter of Karen S. v Quinn S., 104 AD3d 951). Accordingly, the matter must be remitted to the Family Court, Suffolk County, for a new determination of a parental access schedule for the father and the child consistent with the terms of the stipulation that is in the best interests of the child.
The mother's contention that she should have been awarded sole custody of the child is not properly before this Court.
The parties' remaining contentions either are without merit or need not be considered in light of our determination.
BRATHWAITE NELSON, J.P., DOWLING, TAYLOR and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court