Matter of Seymour v Raymond (2025 NY Slip Op 04011)

Matter of Seymour v Raymond

2025 NY Slip Op 04011

Decided on July 2, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 2, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
DEBORAH A. DOWLING
CARL J. LANDICINO
LAURENCE L. LOVE, JJ.

2024-09042
 (Docket No. V-2346-19/24D)

[*1]In the Matter of Patrick T. Seymour, appellant,
v
Kevin R. Raymond, et al., respondents. Yasmin Daley Duncan, Brooklyn, NY, for appellant.

Del Atwell, East Hampton, NY, for respondents Kevin R. Raymond and Linda L. Raymond.
Carol Kahn, New York, NY, for respondent Kapri R. Raymond.
Kelley M. Enderley, Poughkeepsie, NY, attorney for the child.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the father appeals from an order of the Family Court, Dutchess County (Jeffrey C. Martin, J.), dated August 21, 2024. The order, upon the granting, without a hearing, of the maternal grandparents' motion to dismiss the father's petition to modify an order of the same court dated June 27, 2023, so as to, inter alia, award him primary physical custody of the subject child, dismissed the petition without prejudice.
ORDERED that the order dated August 21, 2024, is affirmed, without costs or disbursements.
The father and the mother have one child together. Pursuant to an order dated June 27, 2023 (hereinafter the prior order), the father and the mother shared joint legal custody of the child with the maternal grandparents, with the maternal grandparents having primary physical custody of the child, the father having regular overnight parental access, and the mother having supervised parental access. In March 2024, the father commenced this proceeding to modify the prior order so as to award him primary physical custody of the child, with parental access for the mother and visitation for the maternal grandparents. The petition alleged, inter alia, that the father had "consistently exercised" his parenting schedule and that "extraordinary circumstances no longer exist."
The maternal grandparents moved to dismiss the petition, and the attorney for the child joined the maternal grandparents' motion. In an order dated August 21, 2024, the Family Court granted the maternal grandparents' motion without a hearing. Thereupon, in an order also dated August 21, 2024, the court dismissed the petition without prejudice. The father appeals.
"'In order to modify an existing custody arrangement, there must be a showing of a subsequent change of circumstances so that modification is required to protect the best interests of the child'" (Matter of Hood v Rivera, 235 AD3d 750, 751, quoting Matter of Blackman v Barge, 207 [*2]AD3d 537, 538). "'Entitlement to a hearing on a modification petition, however, is not automatic; the petitioning parent must make a threshold evidentiary showing of a change in circumstances demonstrating a need for modification in order to insure the child's best interests'" (Matter of Blackman v Barge, 234 AD3d 752, 753, quoting Matter of LaPera v Restivo, 202 AD3d 788, 789; see Matter of Walker v Sterkowicz-Walker, 203 AD3d 1165, 1166).
Here, the father's papers were devoid of factual allegations of any change in circumstances since the issuance of the prior order. Thus, the father failed to make the requisite evidentiary showing of a change in circumstances sufficient to warrant a hearing (see Matter of Blackman v Barge, 234 AD3d at 753; Matter of Masiello v Astol, 230 AD3d 785, 786).
Accordingly, the Family Court properly granted the maternal grandparents' motion and dismissed the petition.
DILLON, J.P., DOWLING, LANDICINO and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court