Matter of Greenfield v Mender (2025 NY Slip Op 07305)

Matter of Greenfield v Mender

2025 NY Slip Op 07305

Decided on December 24, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 24, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
LINDA CHRISTOPHER
CARL J. LANDICINO
LAURENCE L. LOVE, JJ.

2024-04591
 (Docket No. V-2698-23/24B)

[*1]In the Matter of Alexzander J. Greenfield, appellant,
v
Devin L. Mender, respondent.

Alexzander J. Greenfield, Scarsdale, NY, appellant pro se.
Devin Mender, named herein as Devin L. Mender, Elmont, NY, respondent pro se.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the father appeals from an order of the Family Court, Nassau County (Robert LoPresti, Ct. Atty. Ref.), dated April 24, 2024. The order, without a hearing, dismissed the father's petition alleging a violation of a corrected order of custody and visitation of the same court dated July 28, 2023, in which he seeks modification of the corrected order of custody and visitation.
ORDERED that the order dated April 24, 2024, is affirmed, without costs or disbursements.
The parties have one child together. In a corrected order of custody and visitation dated July 28, 2023 (hereinafter the corrected order), the Family Court, among other things, awarded the parties joint legal custody of the child, with residential custody to the mother, and certain parental access to the father. On April 4, 2024, the father filed a petition alleging a violation of the corrected order in which he requested modification of the corrected order so as to, inter alia, award him final decision-making authority over the child's medical and educational needs. In an order dated April 24, 2024, the court, without a hearing, dismissed the father's petition. The father appeals.
"In order to modify an existing court-ordered custody arrangement, 'there must be showing of a subsequent change of circumstances such that modification is necessary to protect the best interests of the child'" (Matter of Stone v Weinberg, 216 AD3d 1171, 1173, quoting Matter of Dubouse v Narita, 214 AD3d 798, 799). "The best interests of the child are determined by assessing the totality of the circumstances" (Matter of Currie v Follini, 209 AD3d 649, 650). Here, the father alleged, inter alia, that the mother failed to adequately communicate certain information to the father regarding the child's medical appointments and education. While the father's allegations amount to complaints about the quality of the parties' communications in certain instances, the record reflects that the parties' relationship has not deteriorated to the point where they cannot constructively communicate (see Matter of David JJ. v Verna-Lee KK., 207 AD3d 841, 844; Heffer v Krebs, 196 AD3d 684, 686). Moreover, under the corrected order, the father had direct access to the child's medical and educational information, and the father's own allegations indicate that he had knowledge and input regarding the child's medical appointments and education. Under the totality of these circumstances, the father's allegations do not constitute a change in circumstances or affect the best interests of the child (see Matter of Stone v Weinberg, 216 AD3d at 1173). Thus, [*2]modification of the corrected order is not warranted.
Contrary to the father's contention, the Family Court was not required to hold a hearing on his petition. "While [c]ustody determinations should generally be made only after a full and plenary hearing, [a] party seeking a change in . . . custody is not automatically entitled to a hearing, but must make an evidentiary showing sufficient to warrant a hearing" (id. at 1173 [citations and internal quotation marks omitted]; see Matter of Dubouse v Narita, 214 AD3d at 799). Here, inasmuch as the father's allegations did not amount to a change in circumstances or affect the best interests of the child, the father failed to make the necessary showing entitling him to a hearing regarding his petition requesting modification of the terms of custody in the corrected order (see Matter of Stone v Weinberg, 216 AD3d at 1173; Matter of Dubouse v Narita, 214 AD3d at 799).
The father's contention that the mother should be sanctioned is improperly raised for the first time on appeal and, thus, not properly before this Court (seeSchiller v St. Francis Hosp., Roslyn, N.Y., 108 AD3d 758, 760).
BARROS, J.P., CHRISTOPHER, LANDICINO and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court