Matter of Drivas v Gaetano (2026 NY Slip Op 01198)

Matter of Drivas v Gaetano

2026 NY Slip Op 01198

Decided on March 4, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 4, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
LILLIAN WAN
LAURENCE L. LOVE, JJ.

2025-00255
 (Docket Nos. V-234-24/24A, V-235-24/24A)

[*1]In the Matter of George Drivas, respondent,
vJamie Gaetano, appellant.

Yasmin Daley Duncan, Brooklyn, NY, for appellant.
Paul I. Weinberger, Poughkeepsie, NY, attorney for the children.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Dutchess County (Kelly S. Myers, Ct. Atty. Ref.), dated November 12, 2024. The order, insofar as appealed from, after a hearing, granted that branch of the father's petition which was to modify an order of the Family Court, Herkimer County (Anthony J. Garramone, J.), dated January 9, 2020, so as to award him residential custody of the parties' children.
ORDERED that the appeal from so much of the order dated November 12, 2024, as granted that branch of the father's petition which was to modify the order dated January 9, 2020, so as to award him residential custody of the parties' older child is dismissed as academic, without costs or disbursements, since that child has reached the age of 18 years; and it is further,
ORDERED that the order dated November 12, 2024, is affirmed insofar as reviewed, without costs or disbursements.
The parties, who have two children together, were divorced by a judgment of divorce in 2013. By order dated May 20, 2013, which was incorporated, but not merged into the judgment of divorce, the parties were awarded joint legal custody of the children, with the mother having residential custody. In an order dated January 9, 2020 (hereinafter the 2020 custody order), the Family Court granted the mother's petition, inter alia, for permission to relocate with the children to Florida. In January 2024, the father filed a petition, among other things, to modify the 2020 custody order so as to award him residential custody of the parties' younger child. In an order dated November 12, 2024, the court, after a hearing, inter alia, granted that branch of the father's petition. The mother appeals.
"'In order to modify an existing court-ordered custody arrangement, there must be showing of a subsequent change of circumstances such that modification is necessary to protect the best interests of the child'" (Matter of Greenfield v Mender, 244 AD3d 1120, 1121 [internal quotation marks omitted], quoting Matter of Stone v Weinberg, 216 AD3d 1171, 1173). "The best interests of the child are determined by assessing the totality of the circumstances" (id. [internal quotation marks omitted]; see Matter of Currie v Follini, 209 AD3d 649, 650). "Since the Family Court's determination with respect to custody and parental access depends to a great extent upon its assessment of the credibility of the witnesses and upon the character, temperament, and sincerity of [*2]the parties, its findings are generally accorded great deference and will not be disturbed unless they lack a sound and substantial basis in the record" (Matter of Currie v Follini, 209 AD3d at 650 [internal quotation marks omitted]; see Matter of Langenau v Hargrove, 198 AD3d 650, 651-652).
Here, contrary to the mother's contention, the Family Court's determination that there had been a change in circumstances requiring a transfer of residential custody to the father to ensure the best interests of the younger child has a sound and substantial basis in the record (see Matter of Currie v Follini, 209 AD3d at 650; Matter of Langenau v Hargrove, 198 AD3d at 651-652). Particularly relevant in this case is the clearly stated preference of the younger child, who was 15 years old at the time of the hearing and who communicated a clear desire that his father have residential custody of him (see Matter of Newton v McFarlane, 174 AD3d 67, 83; Matter of DeVita v DeVita, 143 AD3d 981, 982), and the younger child's relationship with the mother as compared to the younger child's relationship with the father (see Matter of DeVita v DeVita, 143 AD3d at 983).
Accordingly, the Family Court properly granted that branch of the father's petition which was to modify the 2020 custody order so as to award him residential custody of the parties' younger child.
The mother's remaining contentions are without merit.
DILLON, J.P., CHAMBERS, WAN and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court